[No. 34420. Department One. October 3, 1957.]

WASHINGTON ASPHALT COMPANY, *Respondent,* v. HAROLD KAESER COMPANY *et al., Appellants.*

GEORGE V. NOLTE & COMPANY *et al., Respondents,* v. HAROLD KAESER COMPANY *et al., Appellants.*[1]

*Taylor & Taylor,* for appellant.

*Sherwood & Forrest,* for respondent.

[1] Reported in 316 P. (2d) 126.

WEAVER, J.—This is a motion by respondent George V. Nolte & Company, a corporation, to (a) dismiss the appeal; (b) affirm its money judgment; and (c) allow it damages, pursuant to Rules on Appeal 51 and 62, 34A Wn. (2d) 55, 65.

The crux of the problem presented is whether "the appeal was taken merely for delay." Rule on Appeal 51, 34A Wn. (2d) 55.

Respondent, as subcontractor, sued appellant, the prime contractor, its bondsman, and the city of Kirkland, for work, labor, and materials furnished. As an affirmative defense, appellant pleaded: that in accordance with the contract with respondent, no sums were due respondent until two days after receipt of funds from the city of Kirkland; that appellant had not received the funds from the city; and that there was an action pending between appellant and the city for recovery of the moneys for which respondent sued.

A similar action by another subcontractor against the same defendants was consolidated for trial with respondent's suit. They have also been consolidated for the purpose of this appeal.

Although the statement of facts has not yet been filed in this court, the parties agree that either prior to or at the trial appellant moved for a continuance and postponement of entry of judgment until appellants' action against the city of Kirkland had been tried. The record now before us is silent as to the court's disposition of the motion for continuance, but we again accept counsels' statement that it was denied.

With the issues thus formed, the trial court entered the following finding of fact applicable to respondent's case:

"That plaintiff [respondent] George V. Nolte & Company, a corporation, and the defendants [appellants] *stipulated in open court for the entry of judgment in favor of said plaintiff* and against the defendants Harold Kaeser Company, a corporation, and General Casualty Company of America, a corporation, in the sum of $15,650.00 plus interest to the date hereof in the sum of $1,252.00 and for a

reasonable attorneys fee in the sum of $1,700.00 or a total judgment of $18,602.00 and that as against the defendant City of Kirkland, a municipal corporation, said judgment be declared to be a lien of said plaintiff against the retained percentage in the hands of the defendant City and be foreclosed; *that said stipulation in its entirety is reasonable and is approved.*" (Italics ours.)

Accordingly, judgment was entered for respondent.

Appellants gave notice that they appealed, *inter alia,* from that portion of the judgment which is substantially in the words of the finding quoted *supra.* No mention is made of the court's denial of appellants' request for a continuance and postponement of entry of judgment until appellants' action against the city of Kirkland had been tried; however, appellants' printed brief on the merits, which is on file, assigns error to the court's denial of the continuance and postponement of entry of judgment.

While the issue presented by respondent's motion is whether the appeal was taken for the purpose of delay, the concomitant issue is whether a party may appeal from a consent judgment when fraud, mutual mistake, and want of jurisdiction are not present.

■ We are of the opinion that all issues pending between appellants and respondent, including the postponement of entry of judgment until trial of appellants' action against the city of Kirkland, were merged in the stipulation entered into by the parties at the time of trial.

■■ A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment. In the absence of fraud, mistake, or want of jurisdiction, a judgment by consent will not be reviewed on appeal. *Winton Motor Carriage Co. v. Blomberg,* 84 Wash. 451, 457, 147 Pac. 21 (1915), and cases cited; *Seely v. Gilbert,* 16 Wn. (2d) 611, 134 P. (2d) 710 (1943); see *Harter v. King County,* 11 Wn. (2d) 583, 591, 119 P. (2d) 919 (1941); Annotation: Appeals from Judgments by Consent, 52 Am. St. 768.

Respondent's motion to dismiss the appeal against it and to affirm its money judgment against appellants should be granted. We are satisfied by the record that the appeal was taken for delay only; hence, pursuant to Rule on Appeal 62, 34A Wn. (2d) 65, respondent will recover damages against appellants in the sum of one hundred dollars.

It is so ordered.

HILL, C. J., MALLERY, FINLEY, and OTT, JJ., concur.