[No. 34420. Department One. May 22, 1958.]

WASHINGTON ASPHALT COMPANY, *Respondent*, v. HAROLD KAESER COMPANY *et al., Appellants.*

GEORGE V. NOLTE & COMPANY *et al., Respondents,* v. HAROLD KAESER COMPANY *et al., Appellants.*[1]

*Taylor & Taylor,* for appellants.

*Rummens, Griffin, Short & Cressman,* for respondent.

HUNTER, J.—The above entitled actions were consolidated for trial and thereafter, for the purpose of this appeal. However, here we are concerned only with the case of *Washington Asphalt Company v. Harold Kaeser Company,* the other appeal having been dismissed by this court on motion of George V. Nolte & Company in 51 Wn. (2d) 89, 316 P. (2d) 126 (1957).

[1] Reported in 325 P. (2d) 725.

This is an appeal from a judgment entered in favor of the plaintiff Washington Asphalt Company, in an action brought by it against the defendant Harold Kaeser Company and its bondsman, the General Casualty Company of America, to recover for materials furnished. The defendant Harold Kaeser Company will be referred to herein as though it were the sole defendant (appellant).

The city of Kirkland entered into a contract with the defendant Harold Kaeser Company, as contractor, for the improvement of certain streets in its business district. On November 16, 1955, the plaintiff Washington Asphalt Company accepted a *purchase order* from the defendant under the terms of which the plaintiff was to supply asphalt in place for the improvement project at the rate of seven dollars per ton.

The asphalt was delivered and the project was completed. Upon refusal of the defendant to pay the amount demanded for the asphalt furnished, the plaintiff commenced this action.

In its complaint, the plaintiff alleged delivery of 6,252 tons of asphalt in place at an agreed price of seven dollars per ton, or $43,764. A payment in the amount of $20,000 was acknowledged, and recovery was sought for the alleged unpaid balance in the sum of $23,764. The defendant did not dispute the tonnage delivered but admitted only a debt of $9,225, contending that 2,077 tons ($14,539) were delivered without authority and spread in certain areas in excess of the specifications of the defendant's contract with the city.

During the trial, the testimony disclosed that *all* of the asphalt was delivered and laid by the plaintiff in the same manner in grades previously prepared by the defendant. The method employed by the parties for recording the amount of asphalt delivered was as follows: When a truck load was delivered to the jobsite, the inspector for the city, who was supervising the project, would sign a truck ticket in triplicate; thereafter, one copy would go to the city and the defendant, and one copy would be retained by the plaintiff's truck driver.

Mr. Harold Kaeser testified, in part, as follows:

"Q. I asked you about the 2,077 ton. A. The 2,077 ton is asphalt that was laid that it is hard to say why. Q. To say what? A. It was asphalt that was placed. It had to be placed because the tonnage tickets show it. But why it was placed, or whether it was displacement of unstable foundation, or why it was placed, I don't know. *It was placed at the direction of the city engineer. There is no question about that.* But it was in addition to the quantities shown on the plans. It was in addition to the extras. It was in addition to the so called additional which was authorized by the city engineer. Q. As I get you then, this 2,077 was authorized by the city engineer. But was it authorized by you? A. It was not authorized by the city engineer or myself, *that is, knowingly.* The city engineer was present, or his staff was present when it was placed; and it was placed at his direction, the inspector's direction. . . ." (Italics ours.)

At the conclusion of the trial, the court made and entered its findings of fact and conclusions of law. Defendant's motion to delay entry of judgment until after the trial of an action instituted by the defendant against the city of Kirkland was denied, and judgment in the amount of the prayer was entered in favor of the plaintiff. This appeal followed.

The appellant contends the trial court erred in finding that the entire 6,252 tons of asphalt were "laid at the direction of the defendant Harold Kaeser Company."

■ It is a well-established rule that unless the evidence clearly preponderates against a finding of fact of the trial court, it will not be disturbed on appeal by this court. *Winkenwerder v. Knox*, 51 Wn. (2d) 582, 320 P. (2d) 304 (1958); *Lawrence v. Hosfield*, 51 Wn. (2d) 157, 316 P. (2d) 1102 (1957).

■ The evidence here reveals that the respondent merely accepted a purchase order from the appellant to supply asphalt in place at a unit price of seven dollars per ton. This order is silent as to the manner and thickness in which the asphalt was to be laid. The grades were prepared by the appellant, and the evidence is undisputed that 6,252 tons of asphalt were delivered by the respondent and placed at the direction of the city engineer. In the absence

of appellant's representative on the project, it was reasonable for the respondent to assume that the city engineer was acting as agent for the appellant in supervising the laying of the asphalt. Moreover, the respondent was not charged with any contractual duty of adhering to the specifications providing for grade thickness as established in the appellant's contract with the city of Kirkland. The respondent supplied the asphalt which was all it was required to do and is, therefore, entitled to recover the cost thereof. Clearly, the record before us supports the trial court's finding.

Next, appellant assigns as error the rulings of the trial court in (1) denying it a continuance, and (2) refusing to delay entry of judgment pending disposition of the appellant's case against the city of Kirkland. Counsel for the appellant admitted, in oral argument, that the latter case was completed pending the hearing on this appeal. This assignment has, therefore, been rendered moot.

Finding no error in the record, the judgment of the trial court must be affirmed.

It is so ordered.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

July 10, 1958. Petition for rehearing denied.