671 P.2d 165 (1983)
In the Matter of the ESTATE OF Grace M. ANDERSON, Deceased.
Carol SMITH and Ella A. Johnson, Appellants,
v.
Lois Jean OSBORN and Nina O. Scalley, Respondents.
No. 18159.
Supreme Court of Utah.
September 23, 1983.
*166 David E. Bean, Layton, for appellants.
H. Ralph Klemm, David B. Boyce, Kent Murdock, Richard Ruckenbrod, Sumner J. Hatch, Salt Lake City, for respondents.
HOWE, Justice:
Appellants appeal from the denial of their motion to dismiss respondents' petition for probate of a will executed by Grace Anderson on November 28, 1977, purportedly in violation of a court order prohibiting her from making further testamentary dispositions without prior court approval.
Grace and Charles Anderson executed a joint will in July of 1976. Charles died and Grace, then 85 years old, made a new will on September 26, 1976, naming respondents Scalley and Osborn her residual beneficiaries. A codicil to that will was executed in November of 1976. In September of 1976, Grace and Scalley also petitioned the court for letters of guardianship of Grace to be issued to Scalley. Guardianship was sought because of Grace's impaired health and her inability to properly care for herself and her property. All subsequent guardianship and conservator proceedings were heard by Judge Thornley K. Swan. Appellant Smith's now deceased husband, a beneficiary under the joint will, challenged that appointment and upon stipulation between Scalley and Smith, Smith was appointed guardian. Thereafter, Osborn moved in with Grace and petitioned the court for *167 removal of Smith as guardian and for her appointment in Smith's stead. On August 11, 1977 the court appointed Osborn to act as conservator of the estate and guardian of the person of Grace. In its order it incorporated, inter alia, the following language, stipulated to by Osborn and Smith:
4. That as guardian of the estate of Grace M. Anderson, Lois Jean Osborn shall not sell or otherwise transfer or dispose of any real property of Grace M. Anderson without first petitioning and obtaining approval of this court.
5. ...
6. Lois Jean Osborn shall not sign any trusts or any testamentary devises for Grace M. Anderson, nor shall Grace M. Anderson sign any such documents for herself without first petitioning and obtaining approval of this court.
On November 28, 1977 Grace executed a new will (the November will) and conveyed her real property under two warranty deeds from herself as grantor to herself and Osborn as grantees, with full rights of survivorship. Smith challenged these acts in court in a petition to have the deeds set aside and a conservator other than Osborn appointed. The petition further asked for nullification and voidance of all deeds, trust instruments and testamentary dispositions executed by Grace after the death of Charles, and for an examination by a physician to determine Grace's legal competency. Osborn objected and asked that the conservatorship be terminated and an examination to determine competency disallowed. That petition further asked for approval of the execution of the November 28, 1977 will and deeds.
In February of 1978 the court entered an order (the Swan order) terminating Osborn's powers as conservator and appointing First Security Bank successor conservator. A hearing to determine competency was scheduled for a future date. With respect to the November will and deeds, the court specifically incorporated into its order a stipulation entered in open court between Osborn and Smith as follows:
8. All deeds and instruments of conveyance executed by Grace M. Anderson from and after the 30th day of July, 1977 are hereby declared to be null and void, and specifically, the warranty deeds showing Grace M. Anderson as a grantor and Grace M. Anderson and Lois Jean Osborn as grantees dated the 28th day of November 1977, and recorded in Book 680, pages 41 and 42 in the office of the Davis County Recorder are void and of no effect.
9. All wills, codicils, and trust instruments executed by the said Grace M. Anderson from and after the 30th day of July 1977 are hereby declared to be null and void and of no effect upon the demise of the said Grace M. Anderson.
Jury trial on the competency issue was set for April 11, 1979. Grace died on March 7, 1979.
A petition to have the November will admitted to probate was filed and objected to by appellants on the grounds of fraud, undue influence and coercion, breach of fiduciary duty on the part of Osborn and Scalley, and incompetency on the part of the testatrix. Guardianship and probate proceedings were consolidated for trial and bench trial on these issues was had before the Honorable J. Duffy Palmer, on September 28 and 29, 1981, Judge Swan having retired in the interim. Judge Palmer in Findings of Fact and Conclusions of Law dated November 12, 1981 found that Grace was competent and of sound mind when she executed the November will, that she did so free from undue influence or fraud, a presumption that had been overcome by clear and convincing evidence, and that the Swan order voiding all transfers of property and testamentary devises was subject to review and vacation. Judgment (the Palmer order) was entered accordingly and the November will admitted to probate.
Appellants seek reversal of the Palmer order admitting the November will to probate and affirmance of the Swan order declaring that will and all concurrent deeds null and void.
*168 Under U.C.A., 1953, as amended, § 75-5-408, the court has the following powers, relevant to the case under review, which he may exercise either directly or through a conservator of the estate and affairs of protected persons:
(1)(c) After hearing and upon determining that a basis for an appointment or other protective order exists with respect to a person for reasons other than minority, the court has, for the benefit of the person and members of his household, all the powers over his estate and affairs which he could exercise if present and not under disability, except the power to make a will. These powers include, but are not limited to the power to make gifts, to convey or release his contingent and expectant interests in property including marital property rights and any right of survivorship incident to joint tenancy or tenancy by the entirety, to exercise or release his powers as trustee, personal representative, custodian for minors, conservator, or donee of a power of appointment, to enter into contracts, to create revocable or irrevocable trusts of property of the estate which may extend beyond his disability or life, to exercise options of the disabled person to purchase securities or other property, to exercise his rights to elect options and change beneficiaries under insurance and annuity policies and to surrender the policies for their cash value, to exercise his right to an elective share in the estate of his deceased spouse, and to renounce any interest by testate or intestate succession or by inter vivos transfer.
(d) ...
(2) An order made pursuant to this section determining that a basis for appointment of a conservator or other protective order exists has no effect on the capacity of the protected person. [Emphasis added.]
Section 75-5-422 addresses the court's powers with respect to transactions involving conflict of interest alleged by appellants to have existed here. That section reads as follows:
Sale, encumbrance or transaction involving conflict of interest  Voidable  Exceptions.  Any sale or encumbrance to a conservator, his spouse, agent, or attorney, or any corporation or trust in which he has a substantial beneficial interest, or any transaction which is affected by a substantial conflict of interest, is voidable unless the transaction is approved by the court after notice to interested persons and others as directed by the court.
Osborn and Smith stipulated that any transfer of real property by or on behalf of Grace would first have to be approved by the court. That stipulation was made part of the August 11, 1977 order and became binding on the parties. When Grace nonetheless conveyed real property to herself and Osborn as grantees, that order was violated. The parties later stipulated in open court that those deeds should be declared null and void. Incorporated in the Swan order that agreement became a final judgment by consent. See Bean v. Carlos, 21 Utah 2d 309, 445 P.2d 144 (1968). A judgment by consent or stipulation is generally construed as an agreement between the parties under which the terms of the judgment are not subject to review on appeal. Snyder v. Tompkins, 20 Wash. App. 167, 579 P.2d 994 (1978); Pacific National Bank of Washington v. Mount, 97 Idaho 887, 556 P.2d 70 (1976); Washington Asphalt Co. v. Harold Kaeser Co., 51 Wash.2d 89, 316 P.2d 126 (1957), 69 A.L.R.2d 752 (1960). We note that the Palmer order does not adjudicate the disposition of the warranty deeds, though there is reference made to them in the Conclusions of Law. In consonance with the Swan order the real property conveyed under the deeds should therefore be returned to Grace Anderson's estate. It is so ordered.
Judgments by consent may be set aside under like conditions as contracts or under circumstances where the court exceeded its powers of adjudication. "A judgment by consent, in order to be valid, must be within the jurisdiction of the court. Provisions of judgments by consent which are beyond the jurisdiction of the court are *169 not validated by the fact that the parties or their counsel consent to the judgment." 47 Am.Jur.2d, Judgments, § 1080, et seq. Accord Washington Asphalt Co., supra. It is conceded by the parties that they stipulated to paragraph 9 of the Swan order declaring the November will null and void and of no effect upon the demise of the testatrix. However, the power to make a will belongs to the testator and is not subject to veto power of the courts. In Re Kidd's Estate, 106 Ariz. 554, 479 P.2d 697 (1971), cert. den. Clausser v. First Nat. Bank of Ariz., 404 U.S. 842, 92 S.Ct. 138, 30 L.Ed.2d 77 (1971), reh. den. 404 U.S. 960, 92 S.Ct. 311, 30 L.Ed.2d 279 (1971). It is a privilege narrowly circumscribed by statutory requirements. In Re Baxter Estate, 16 Utah 2d 284, 399 P.2d 442 (1965), 17 A.L.R.3d 700 (1968). Our statutes impose only two qualifications: that the testator be 18 or more years of age and of sound mind. U.C.A., 1953 § 75-2-501. The power to make wills is specifically excluded from the authority of the court, directly or through a conservator, to conduct the affairs of a protected person. Section 75-5-408(1)(c) ante. Nor may a protective order under that section affect the capacity of the protected person. Section 75-5-408(2) ante. Section 75-5-422, making sales, encumbrances and transactions voidable, is silent on testamentary dispositions. Read in harmony, these sections specifically exclude from the power of the court all dispositions made by will, because a will is ambulatory and does not speak until death. Johnson v. Johnson, 9 Utah 2d 40, 337 P.2d 420 (1959). At that time it may be set aside if the testator is shown to have been incompetent at the execution of the will or induced into signing by fraud, undue influence or coercion.
Grace's competency and respondents' undue influence upon her constituted the gravamen of the trial held before Judge Palmer. He found Grace to have been competent at the time she executed her will and not acting under undue influence. That issue is before us only to the extent that his finding admitted to probate a will declared null and void upon stipulation by the Swan order. However, the provision of the Swan order nullifying the November will was beyond the statutory power of the court and consent by the parties cannot validate it.
Somewhat analogous to the situation here is State Ex Rel. Adult & Family Serv. v. Hansen, 54 Or. App. 47, 634 P.2d 256 (1981) where the trial court exceeded its statutory power. The court there set aside a stipulated order requiring the defendant to pay support for a child after he married the child's mother. It also relieved the defendant from the payment of installments of support which was owing to the plaintiff who had furnished support to the mother. A statute gave the court power to modify or set aside an order for child support but expressly denied the power to disturb accrued installments. The appellate court set aside the order to the extent that it reduced child support retroactively, as the statute excluded that power.
In the case under review the Swan order attempted to void testamentary dispositions made by a protected person who had not been declared incompetent. The applicable statutes did not give the court the power to make that order. We therefore hold that the Swan order was a final judgment not subject to review by Judge Palmer insofar as it voided the warranty deeds, as discussed supra, but that order was in excess of the court's power insofar as it attempted to void the November will. The validity of that will was finally adjudicated by the Palmer order based on findings of facts unassailable on appeal. Respondents do not rely on the record to attack the court's findings which are presumptively valid. Church v. Meadow Springs Ranch Corp., et al., Utah, 659 P.2d 1045 (1983).
In sum, the Palmer order admitting the November will to probate was proper in all respects and is affirmed in its entirety. Costs are awarded to respondents.
HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.