**FILED**
**JAN. 16, 2014**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| GARY WIVAG and SHERRY TRUMBALL, d/b/a S&G LAND LTD., | ) ) ) | No. 31213-5-III |
| Appellants, | ) ) | |
| v. | ) | UNPUBLISHED OPINION |
| CITY OF CLE ELUM, | ) ) ) | |
| Respondent. | ) | |

KULIK, J. — Gary Wivag and the city of Cle Elum (City) agreed to a stipulated judgment and injunction to address the nuisance violations on Mr. Wivag's property. When Mr. Wivag failed to satisfy his obligations under the agreement, the agreement authorized the City to take corrective action to abate the nuisance. Following abatement, the trial court entered a supplemental judgment and ordered Mr. Wivag to pay associated costs. Mr. Wivag appeals. He contends that the trial court erred in entering the supplemental judgment because the City engaged in self-help by abating the property without a court order. He also contends that the City failed to comply with its own preconditions to enforcement of the nuisance abatement. We disagree with Mr. Wivag's

arguments and affirm the trial court's ruling in favor of the City.

## FACTS

In 2008, a hearing examiner found the existence of numerous public nuisances on Mr. Wivag's property and ordered abatement of these nuisances. Mr. Wivag failed to comply. The City sought enforcement of the hearing examiner's order.

In January 2012, Mr. Wivag and the City entered into a "Stipulated Judgment and Injunction" to address the nuisance violations. Clerk's Papers (CP) at 2-7. Mr. Wivag and the City stipulated (1) that Mr. Wivag failed to remedy the violations found by the hearing examiner and allowed new public nuisances to occur on the property, (2) that Mr. Wivag was required to screen the property frontage, and (3) that Mr. Wivag was required to submit a complete application for a conditional use permit (CUP) for his land use and business activities. The parties also stipulated to a judgment in favor of the City for $10,000.

Based on this stipulation, the court ordered (1) that Mr. Wivag pay the City $10,000 within 3 calendar days of the stipulated judgment and injunction, (2) that Mr. Wivag remedy all code violations or other deficiencies at the property as noted in the 2008 hearing examiner order within 30 days of the effective date of the injunction, (3) that Mr. Wivag install wood fencing along the entire frontage of the property not later

2

than March 31, 2012, and (4) that Mr. Wivag file a complete application for a CUP not later than February 29, 2012.

The trial court also ordered,

> 3. In the event that Defendants fail to timely complete the corrective action required by the terms of [this order and injunction], the City is authorized but not obligated to take any corrective action reasonably necessary to abate the public nuisances at the Property consistent with the Cle Elum Municipal Code and state law. In that event, the City is authorized to present a supplemental judgment assessing the associated costs, including City employee costs, contractor fees, and attorney fees against Defendants and in favor of the City.
> 4. The City shall retain the right to bring motions for contempt and to seek any other remedy available at law or in equity. The Court shall retain jurisdiction over this case to hear any such matters.

CP at 6.

Mr. Wivag paid the $10,000 judgment to the City within the required time period. On February 23, Mr. Wivag filed a CUP application. He believed that he had included all required information. On March 20, the City informed Mr. Wivag that the application was incomplete. The City identified three areas of the application that required additional information. The City did not give a time period for submitting the additional materials. Mr. Wivag claims that he sent in the materials shortly after the notification.

3

As for the fence, Mr. Wivag believed he had until May 15 to complete the fence. He based this belief on an earlier draft version of the stipulated agreement. The old wire fence was removed in March. He did not install the fencing by March 31.

The City sent Mr. Wivag a letter notifying him that it would begin abatement activities on May 1 due to Mr. Wivag's failure to comply with the stipulated judgment and injunction. The City informed Mr. Wivag that the stipulated judgment and injunction authorized the abatement activity and the assessment of costs.

Beginning on May 1, the City abated Mr. Wivag's property. Then, following the terms of the stipulated judgment, the City filed a motion for supplemental judgment. The City asked the trial court to assess Mr. Wivag with the costs, contractor fees, and attorney fees incurred by the corrective action. The trial court granted the City's motion and entered a supplemental judgment in the amount of $13,519.49.

Mr. Wivag appeals the supplemental judgment. He contends that he should not be required to pay the costs of abatement because the City acted without legal authority when it abated the nuisance. He maintains that the City improperly enforced the stipulated judgment without first obtaining a writ of execution as required by RCW 6.17.070. In the alternative, he contends that the City failed to comply with its own preconditions to enforcement of the nuisance abatement.

4

ANALYSIS

A trial court's legal conclusions and statutory interpretations are reviewed de novo. *Vance v. XXXL Dev., LLC*, 150 Wn. App. 39, 41, 206 P.3d 679 (2009).

However, a trial court's decision to enforce a binding agreement under CR 2A is reviewed for an abuse of discretion. *In re Patterson*, 93 Wn. App. 579, 586, 969 P.2d 1106 (1999). "[A] trial court's determination that the parties fully appreciated the terms of the settlement will not be disturbed where it is supported by the evidence." *Snyder v. Tompkins*, 20 Wn. App. 167, 173-74, 579 P.2d 994 (1978).

Courts are inclined to view stipulated settlements as final. *Id.* at 173. A judgment by consent will not be reviewed on appeal absent fraud, mistake, or want of jurisdiction. *Wash. Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 91, 316 P.2d 126 (1957).

*Execution of the Judgment.* Mr. Wivag admits that the stipulated judgment and injunction is valid and that the supplemental judgment is authorized under the stipulated agreement. Also, he admits that he did not meet the timelines in the stipulated judgment and injunction. On appeal, Mr. Wivag maintains that he should not be required to pay the costs for abatement of the nuisance because the City did not follow proper procedure for enforcing the stipulated judgment under RCW 6.17.070.

RCW 6.17.070 governs the execution of a judgment in particular cases. It reads: "When any judgment of a court of this state requires the payment of money or the delivery of real or personal property, it may be enforced by execution. When a judgment of a court of record requires the performance of any other act, a certified copy of the judgment may be served on the party against whom it is given or the person or officer who is required by the judgment or by law to obey the same, and a writ may be issued commanding the person or officer to obey or enforce the judgment. Refusal to do so may be punished by the court as for contempt." RCW 6.17.070.

Contrary to Mr. Wivag's contention, the City was not required to enforce the stipulated judgment and injunction under RCW 6.17.070. The terms of the stipulated judgment and injunction did not require execution under this statute. Mr. Wivag agreed to other procedures when he reached a stipulated agreement with the City. The trial court authorized the agreed upon procedures.

CR 2A governs stipulated agreements. CR 2A applies when (1) an agreement was made by the parties or the attorneys in respect to the proceedings in a cause, and (2) the purport of the agreement is disputed. *In re Marriage of Ferree*, 71 Wn. App. 35, 39, 856 P.2d 706 (1993). A stipulated judgment that is properly entered is binding on the parties and will not be reviewed on appeal absent a showing of fraud, mistake, misunderstanding,

or lack of jurisdiction. *Baird v. Baird*, 6 Wn. App. 587, 589, 494 P.2d 1387 (1972). The stipulated judgment "excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment." *Wash. Asphalt*, 51 Wn.2d at 91. The purpose of CR 2A agreements is to "insure that negotiations undertaken to avert or simplify trial do not propagate additional disputes that then must be tried along with the original one." *Ferree*, 71 Wn. App. at 41. The amicable settlement of disputes is favored by the courts. *Snyder*, 20 Wn. App. at 173.

"A stipulation agreement signed and subscribed by the attorneys representing the parties is a contract and its construction is governed by the legal principles applicable to contracts." *Allstot v. Edwards*, 114 Wn. App. 625, 636, 60 P.3d 601 (2002). "A traditional bilateral contract is formed by the exchange of reciprocal promises. The promise of each party is consideration supporting the promise of the other." *Govier v. N. Sound Bank*, 91 Wn. App. 493, 499, 957 P.2d 811 (1998). We read the terms of a contract together so that no term is rendered ineffective or meaningless. *Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc.*, 166 Wn.2d 475, 487, 209 P.3d 863 (2009).

In Mr. Wivag's agreement with the City, the stipulated judgment and injunction authorized the City to take corrective action reasonably necessary to abate the public nuisance in the event that Mr. Wivag failed to timely complete his obligations. Mr.

Wivag admits that he did not fully comply.[1] Under the terms of the agreement, the City entered his property, abated the nuisance, and petitioned the court for abatement costs. The agreement did not require additional court action before the City acted to abate the nuisance. Mr. Wivag agreed to the stipulated judgment and is bound by its terms, including the authorization of action by the City and the entry of the supplemental judgment.

Even though Mr. Wivag did not meet his obligations, the City was not required to compel him to comply by requesting execution of the judgment. Mr. Wivag never sought to avoid enforcement of the agreement. He attempted to perform, but instead failed. Provisions were in place for his failure to comply. There was no need to request execution of a judgment that was not being challenged and where relief was agreed upon and provided in the judgment.

Requiring following RCW 6.17.070 would violate the purpose behind stipulated judgments and violate contract principles. Stipulated judgments avert the need for trial. Under contract principles, if a writ was needed to enforce this stipulated judgment and injunction, the provision that allowed the City to take corrective action would be meaningless. Furthermore, Mr. Wivag would be the only party receiving a benefit from

---

[1] Mr. Wivag suggests that his lack of performance should be excused because he

8

the agreement. Mr. Wivag gained time to cure the nuisances found by the hearing examiner. In exchange, if Mr. Wivag failed to fulfill his obligations, he authorized the City to take corrective action. This provision would be of no benefit if the City was still required to obtain a court order to act on the terms that were bargained for by the parties. Requiring additional litigation to enforce a mutual agreement does not favor the amicable settlement of disputes.

The City did not take matters into its own hands, as asserted by Mr. Wivag. The City acted within the scope of the law and within the scope of the stipulated judgment and injunction. RCW 7.48.220 allows any public body to abate a nuisance. Mr. Wivag agreed that the City could take corrective action reasonably necessary to abate the nuisance if he failed to timely complete his obligations. The trial court did not err by entering the supplemental judgment ordering Mr. Wivag to pay for the abatement.

The City was not required to enforce the stipulated judgment under RCW 6.17.070.

*City's Preconditions.* Mr. Wivag also contends that the City failed to comply with RCW 7.48.250, RCW 7.48.260, and Cle Elum Municipal Code (CEMC) 8.12.070 when it abated the nuisance. Generally speaking, both the statute and the CEMC require the

substantially complied. He provides no legal authority for this argument.

9

issuance of a writ before a nuisance can be abated. RCW 7.48.250; CEMC 8.12.070.

RCW 7.48.260 requires that the trial court inquire into the costs of abatement before

issuing a warrant ordering abatement at the defendant's expense.

A writ was not needed for the City to act under the terms of the stipulated

judgment and injunction. While RCW 7.48.250 and CEMC 8.12.070 provide a method

for the City to abate a nuisance, this is not the procedure agreed upon by the City and Mr.

Wivag in the stipulated judgment. The parties entered into an agreement to allow Mr.

Wivag to correct the violations before taking drastic abatement measures. The stipulated

judgment "excuses all prior errors and operates to end all controversy between the parties,

within the scope of the judgment." *Wash. Asphalt*, 51 Wn.2d at 91.

Additionally, there was no need for additional court authorization under the

procedures set forth in RCW 7.48.250 and CEMC 8.12.070 because the trial court

authorized abatement in the stipulated judgment and injunction. And under

RCW 7.48.260, there was no need to estimate costs before abatement. The parties did not

include such a provision. The court reviewed costs before issuing the supplemental

judgment, as provided in the stipulated judgment and injunction.

The City was not required to follow additional statutory procedures outside the

scope of the agreement to execute abatement.

issuance of a writ before a nuisance can be abated. RCW 7.48.250; CEMC 8.12.070. RCW 7.48.260 requires that the trial court inquire into the costs of abatement before issuing a warrant ordering abatement at the defendant's expense.

A writ was not needed for the City to act under the terms of the stipulated judgment and injunction. While RCW 7.48.250 and CEMC 8.12.070 provide a method for the City to abate a nuisance, this is not the procedure agreed upon by the City and Mr. Wivag in the stipulated judgment. The parties entered into an agreement to allow Mr. Wivag to correct the violations before taking drastic abatement measures. The stipulated judgment "excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment." *Wash. Asphalt*, 51 Wn.2d at 91.

Additionally, there was no need for additional court authorization under the procedures set forth in RCW 7.48.250 and CEMC 8.12.070 because the trial court authorized abatement in the stipulated judgment and injunction. And under RCW 7.48.260, there was no need to estimate costs before abatement. The parties did not include such a provision. The court reviewed costs before issuing the supplemental judgment, as provided in the stipulated judgment and injunction.

The City was not required to follow additional statutory procedures outside the scope of the agreement to execute abatement.

10

*Attorney Fees.* The City requests attorney fees on appeal.

Where a contract allows an award of attorney fees at trial, an appellate court has authority to award attorney fees on appeal. *Bloor v. Fritz*, 143 Wn. App. 718, 753, 180 P.3d 805 (2008). A stipulated judgment is a contract between the parties and is subject to contract principles. *Allstot*, 114 Wn. App. at 636. The stipulated judgment and injunction stated that in the event that the City takes corrective action reasonably necessary to abate the nuisance on Mr. Wivag's property, "the City is authorized to present a supplemental judgment assessing the associated costs, including . . . attorney fees against Defendants and in favor of the City." CP at 6.

The City is awarded attorney fees on appeal. The stipulated judgment allows for the City to request attorney fees in the event that it is required to take corrective action to abate the nuisance on Mr. Wivag's property. The City took corrective action, and this appeal is directly related to that action. While Mr. Wivag contends that his challenge does not pertain to the stipulated judgment so the fee provision is inapplicable, his argument is not persuasive. Mr. Wivag's arguments were rooted in the stipulated judgment and the City's authority to act under the parties' agreement. The City incurred attorney fees defending its abatement actions. It is entitled to attorney fees on appeal.

No. 31213-5-III
*Wivag v. City of Cle Elum*

We affirm the trial court and grant the City's request for attorney fees.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____
Korsmo, C.J.

_____
Fearing, J.