# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Dependency of: | No. 85938-2-I |
| K.V.M. | DIVISION ONE |
| a minor child. | UNPUBLISHED OPINION |

FELDMAN, J. – R.R. appeals the trial court's order of disposition on dependency placing her daughter, K.V.M., with K.V.M.'s stepmother rather than with R.R. R.R. argues that the trial court abused its discretion because it applied the wrong legal standard ("preponderance of the evidence" rather than "clear, cogent, and convincing evidence") when it concluded that R.R. is an unavailable parent under RCW 13.34.130(6)(a). Because we conclude that R.R. waived this argument on appeal, we affirm.

I

K.V.M. was born in Peru to R.R., her mother, and H.L., her father. K.V.M lived with her mother in Peru until 2022. After R.R. allegedly physically abused K.V.M., K.V.M. moved to Washington to live with her father and his wife (K.V.M.'s stepmother), B.P. During the time K.V.M. was living with her father, he was arrested and charged with assault and became subject to a pretrial no contact order prohibiting him from contacting K.V.M.

Because K.V.M.'s father could no longer have any contact with K.V.M., and because K.V.M. did not want to live with her mother (who had allegedly physically abused her), the Washington Department of Children Youth and Families (the Department) filed a dependency petition. The court entered a separate order of dependency as to each parent, both of which were agreed to by the respective parent.

The agreed order as to K.V.M.'s father is not at issue in this appeal. In the agreed order as to R.R., the court found (i) "there is no parent or guardian available to care for the child," (ii) K.V.M. "should be placed" with her stepmother (B.P.), and (iii) "this placement is in the child's best interests." R.R. did not appeal this agreed order.

Thereafter, the Department filed a motion for an order of disposition on dependency. Consistent with the parties' agreed order, the Department represented, "In this case, [the] parties have already agreed that [K.V.M.] should remain placed out of her mother's home and care." Notwithstanding her prior agreement, R.R. argued that "[t]he Department has not made reasonable efforts" to prevent removal of K.V.M. from the home or eliminate the need for removal and, therefore, K.V.M. "must be returned to the care of her mother."

The trial court rejected R.R.'s argument and ruled instead that the Department had "made reasonable efforts to prevent or eliminate the need for removal of the child from the child's home; but those efforts were unsuccessful." Addressing placement, the court's order states, "N/A, already agreed in mother's order of dependency." R.R. appeals.

II

R.R. argues that the trial court abused its discretion because it applied the wrong legal standard when it placed K.V.M. with her stepmother rather than with R.R. Citing *In the Matter of the Dependency of Z.A.*, _ Wn. App. 2d _, 540 P.3d 173, 189 (2023), R.R. claims the correct legal standard, applicable here, is clear and convincing evidence. Yet as R.R. notes, the trial court's order of disposition on dependency, like the agreed order of dependency, states, "Except where otherwise indicated, the following facts have been established by a preponderance of the evidence." The Department responds that R.R. waived this argument. We agree with the Department and find waiver on two separate grounds.

First, R.R. agreed to and did not appeal the trial court's order of dependency. When a dependency order is agreed and not appealed, this court is "unable to review it despite our misgivings as to its propriety under the facts of this case." *In re Dep. of A.V.D.*, 62 Wn. App. 562, 565 n.5, 815 P.2d 277 (1991). Stated another way, "A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment." *Wash. Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 91, 316 P.2d 126 (1957). The order of disposition on dependency at issue here, as noted previously, expressly noted that R.R. "already agreed" in the order of dependency that K.V.M. "should be placed" with her stepmother (B.P.) because "there is no parent or guardian available to care for the child." By agreeing to the order of dependency and failing to appeal it, R.R. waived her current

arguments to the contrary.

Second, under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court." Here, R.R. did not argue below that a "clear and convincing evidence" standard, and not a "preponderance of evidence standard," applied to the trial court's determination that K.V.M. should be placed with her stepmother rather than with R.R. While we may exercise our discretion to address an issue for the first time on appeal where an aggrieved party shows "manifest error affecting a constitutional right," R.R. makes no such argument and offers no response to the Department's assertion that she has failed to adequately preserve this argument. Thus, this argument is also waived. *See State v. Garcia*, 177 Wn. App. 769, 785-86, 313 P.3d 422 (2013) (finding waiver where defendant failed to "provide argument or legal authority supporting our review on any other ground we could address for the first time on appeal under RAP 2.5(a)").

In sum, even if the trial court applied an incorrect legal standard when it ruled that K.V.M. "should be placed" with B.P. because "there is no parent or guardian available to care for the child," R.R. waived any argument that the trial court abused its discretion in so ruling.

Affirmed.

Feldman, J.

WE CONCUR:

Smith, C.J.

Dwyer, J.

- 4 -