206 P.3d 679 (2009)
Lynn S. VANCE, an individual, Appellant,
v.
XXXL DEVELOPMENT, LLC, a Washington limited liability company, Respondent.
No. 37503-6-II.
Court of Appeals of Washington, Division 2.
May 5, 2009.
Steven Erik Turner, Miller Nash LLP, Vancouver, WA, for Appellant.
Jeffrey W. Daly, Preg O'Donnell & Gillett PLLC, Seattle, WA, for Respondent.
VAN DEREN, C.J.
¶ 1 Lynn Vance appeals the dismissal of her private nuisance claim against XXXL Development, LLC (XXXL). She argues that the trial court erred in determining that her cause of action could not survive sale of the affected property. We reverse and remand for further proceedings.

FACTS
¶ 2 In 1988, Vance bought a house in Longview, Washington for $205,000. In 2006, XXXL sought approval for a residential development just to the north of Vance's property. It constructed a retaining wall two feet from Vance's property line. The concrete block wall is approximately 25 feet high and more than 100 feet long.
¶ 3 In December 2006, Vance sued XXXL on several claims, including private nuisance. The trial court initially set the case for trial in December 2007, on a date when Vance still owned the home. The trial court granted XXXL's motion to continue the trial date and moved the trial to February 2008. Vance sold her home for $185,000 in December 2007, after the original trial date had passed. She claimed that, absent the nuisance, her house would have been worth $285,000.
¶ 4 After the sale, XXXL moved to dismiss Vance's nuisance claim on a motion for judgment on the pleadings. The trial court dismissed the claim because it concluded that *680 Vance lost her "standing" to bring such an action because she no longer owned the property.[1] Clerk's Papers at 48.
¶ 5 The trial court certified its ruling on dismissal for discretionary review and we granted Vance's motion for review.

ANALYSIS
¶ 6 Vance contends that the trial court erred in deciding that she could not maintain her suit after selling her property.

I. Standard of Review
¶ 7 This case requires us to interpret Washington nuisance law. We review de novo a trial court's legal conclusions, including its statutory interpretation. Am. Legion Post No. 32 v. City of Walla Walla, 116 Wash.2d 1, 5, 802 P.2d 784 (1991).
If the statutory meaning is clear, we give effect to the plain language without regard to the rules of statutory construction. When interpreting statutes, our function is to give effect to the object and intent of the legislature. We assume that the legislature means what it says.
Doan v. Dep't of Labor & Indus., 143 Wash. App. 596, 601, 178 P.3d 1074 (2008) (citations omitted).

II. Nuisance Claims
¶ 8 "A nuisance is an unreasonable interference with another's use and enjoyment of property." Kitsap County v. Allstate Ins. Co., 136 Wash.2d 567, 592, 964 P.2d 1173 (1998). Here, the parties cite three relevant parts of the nuisance statute, RCW 7.48.010, .020, and .180. RCW 7.48.010 provides:
[W]hatever is injurious to health or indecent or offensive to the senses, or an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of the life and property, is a nuisance and the subject of an action for damages and other and further relief.
RCW 7.48.020 states in part, "Such action may be brought by any person whose property is ... injuriously affected or whose personal enjoyment is lessened by the nuisance." (Emphases added.) And RCW 7.48.180 provides, "The abatement of a nuisance does not prejudice the right of any person to recover damages for its past existence."
¶ 9 XXXL argues that the plain language of RCW 7.48.010 and .020 supports its argument that a property owner who sells property affected by a nuisance can no longer recover for the nuisance. It argues that, because the statutes are drafted in the present tense, only present owners may sue.
¶ 10 Vance contends that she suffered actual injury from XXXL's construction of the massive wall, damages that can be measured by the diminution of her home's value at the time of sale. She argues that RCW 7.48.180 indicates that the legislature did not intend to confine actions to presently-occurring nuisances because it allows property owners to recover damages even after the nuisance has been abated. Vance also posits that XXXL's interpretation of the nuisance statutes leads to an absurd result for various reasons:
Under the trial court's reasoning, if Ms. Vance had waited to sell her home until the day after trial, she could have recovered fully for her nuisance damages. But if she sells her home one day prior to the verdict, she cannot recover at all. ...
Further, under the trial court's interpretation, all individuals suffering from a nuisance would be forced to live on their properties throughout the entire litigation, or forfeit their right to recover any damages they suffered while living with the nuisance. ...
... This ruling would also give the nuisance tortfeasor a strong incentive to both extend the litigation and to make the nuisance more noxious-for if the plaintiff can no longer stand the nuisance, and must *681 move, the tortfeasor is released from liability for past damages.
Br. of Appellant at 10-12. Finally, Vance cites various out-of-state rulings supporting her analysis.
¶ 11 This is an issue of first impression in Washington.[2] But in the three out-of-state cases Vance cites, it is clear that the state appellate courts proceeded on the assumption that a former property owner could recover for nuisance after selling the affected property. Moreover, like Washington's nuisance statutes, the definition of nuisance in the three states, Connecticut, Kentucky, and California, were written in the present tense.
¶ 12 In Radcliff Homes v. Jackson, 766 S.W.2d 63, 65 (Ky.App.1989), a former property owner recovered for a sewage spill after "[t]he house was ... sold at a judicial sale."[3] In Kinsale v. Tombari, the plaintiffs recovered for nuisance in a case in which the trial court found that neighbors had erected a 10 foot high fence and taken other actions to harass them.[4] 95 Conn.App. 472, 897 A.2d 646, 647-48 (2006). The Kinsale plaintiffs sold one of their properties before recovering for the nuisance. 897 A.2d at 647. In addition, in Griffin v. Northridge, 67 Cal.App.2d 69, 153 P.2d 800 (1944), "Plaintiffs declared that the alleged acts constituted a nuisance and demanded the abatement thereof with damages. But prior to the trial they sold their home and submitted only their prayer for damages."[5]Griffin, 153 P.2d at 801. The Griffin court affirmed the imposition of damages arising from the nuisance.
¶ 13 Vance's arguments that the legislature intended to allow a former property owner to maintain an action for damages caused by a nuisance are compelling. First, RCW 7.48.180 contemplates that even nuisances that are abated create recoverable damages. These damages are recoverable by "any person." RCW 7.48.180 (providing that the "abatement of a nuisance does not prejudice the right of any person to recover damages for its past existence"). Furthermore, the right to recovery does not end on sale of the property post-abatement. Statutes relating *682 to the same subject matter must be read "as a unified whole." See Anderson v. Dep't of Corrections, 159 Wash.2d 849, 861, 154 P.3d 220 (2007).
¶ 14 Second, one measure of damages for nuisance is the diminution in a property's value due to the nuisance. This method of calculating damages is not affected by the sale of a property; in fact, the damages are perhaps more easily measured post-sale. See Riblet v. Spokane-Portland Cement Co., 45 Wash.2d 346, 353-54, 274 P.2d 574 (1954) (discussing property damage calculations).
¶ 15 Third, to hold that a former owner's right to recover is extinguished on sale of property affected by a continuing nuisance creates absurd results. When interpreting statutes, we avoid absurd results. In re Point Allen Svc. Area v. Dep't of Health, 128 Wash.App. 290, 299, 115 P.3d 373 (2005). And the spirit or purpose of an enactment should prevail over express but inept wording. Alderwood Water Dist. v. Pope & Talbot, Inc., 62 Wash.2d 319, 321, 382 P.2d 639 (1963).
¶ 16 Vance filed suit for damages arising from nuisance when she owned the house and seeks to recover damages for its loss of value arising from the nuisance. We hold that the fact that she sold the house has no bearing on her ability to maintain her nuisance suit.
¶ 17 We reverse the trial court's dismissal of Vance's nuisance action and remand for further proceedings.
We concur: QUINN-BRINTNALL and PENOYAR, JJ.
NOTES
[1] The trial court's opinion focuses on the fact that Vance's sale contract reserved her right to sue for the nuisance, in that the purchaser assigned Vance any rights the purchaser may have had to sue for nuisance. The trial court rejected this assignment because it found the current owner, who bought the house with full knowledge of the retaining wall, had no nuisance claim to assign and Vance, due to the sale of the house, no longer had a right to sue for the nuisance. The parties do not focus on the reservation/assignment on appeal.
[2] Although the parties do not cite it, one early Washington case discusses whether a successive owner of a property can maintain a nuisance suit seeking injunctive relief. Ingersoll v. Rousseau, 35 Wash. 92, 94, 76 P. 513 (1904). This case, in part because it addresses only an injunctive remedy, does not directly address the issue of whether the first property owner may continue to seek damages after selling the property.
[3] At the time the case was decided, Kentucky had not codified a nuisance cause of action. The state, instead, used a court-created definition:

In Louisville Refining Company v. Mudd, [ ] 339 S.W.2d 181, [186 (Ky.Ct.App.1960),] this court restated the law of nuisances as related to a property owner's use of his property which, though lawful, causes injury to the property of another. The basic proposition adopted by the opinion in that case was that:
"* * * the existence of a nuisance must be ascertained on the basis of two broad factors, neither of which may in any case be the sole test to the exclusion of the other: (1) the reasonableness of the defendant's use of his property, and (2) the gravity of harm to the complainant.* * *"
Kentland-Elkhorn Coal Co. v. Charles, 514 S.W.2d 659, 662 (Ky.Ct.App.1974).
The present versions of Kentucky nuisance law state:
A permanent nuisance shall exist if and only if a defendant's use of property causes unreasonable and substantial annoyance to the occupants of the claimant's property or unreasonably interferes with the use and enjoyment of such property, and thereby causes the fair market value of the claimant's property to be materially reduced.
Ky.Rev.Stat. Ann. § 411.530(2).
A temporary nuisance shall exist if and only if a defendant's use of property causes unreasonable and substantial annoyance to the occupants of the claimant's property or unreasonably interferes with the use and enjoyment of such property, and thereby causes the value of use or the rental value of the claimant's property to be reduced.
Ky.Rev.Stat. Ann. § 411.540(2).
[4] The Connecticut statute stated: "An action may be maintained by the proprietor of any land against the owner or lessee of land adjacent, who maliciously erects any structure thereon, with intent to annoy or injure the plaintiff in his use or disposition of his land." Conn. Gen.Stat. Ann. § 52-570.
[5] The California definition of nuisance states:

Anything which is injurious to health, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance.
Cal. Civ.Code § 3479.