DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSEPH RAINIER,**
Appellant,

v.

**LAURA FISH, DAVID BOEGGEMAN,** and **VICTOR MILLER,**
Appellees.

No. 4D2023-3099

[August 21, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Fabienne Fahnestock, Judge; L.T. Case No. CACE 21-13927.

Thomas William Walters of Thomas W. Walters, P.A., Boca Raton, for appellant.

Mario D. German of Mario D. German Law Center, P.A., Boca Raton, for appellees.

PER CURIAM.

*Affirmed.*

FORST and ARTAU, JJ., concur.
GROSS, J., dissents with opinion.

GROSS, J., dissenting.

The appellant has stated enough in his third amended complaint to survive a motion to dismiss. This case arose out of a dispute between residents in a condominium. In his third amended complaint, appellant sued his neighbors for common law nuisance, alleging acts which disturbed his "free use, possession, or enjoyment of his property" or which rendered "its ordinary use or occupation physically uncomfortable." *Palm Corp. v. Walters*, 4 So. 2d 696, 699 (Fla. 1941); *Roebuck v. Sills*, 306 So. 3d 374, 377 (Fla. 1st DCA 2020) (recognizing that "noise can be a nuisance").

Without elaboration, the trial court granted a motion to dismiss under Florida Rule of Civil Procedure 1.140(b). The parties' briefs frame the issue as whether appellant lacked standing to bring a nuisance claim because he sold his condominium unit.

The parties' short briefs have provided us with abbreviated general argument and no on-point research. My research has found well-reasoned out-of-state cases that reject such a lack of standing argument, holding that a former real property owner could recover for nuisance after selling the affected property. *See Vance v. XXXL Dev., LLC*, 206 P.3d 679, 681–82 (Wash. Ct. App. 2009). As a New York appellate court has observed, in a private nuisance case, "the fact that [a plaintiff has] sold [his] residence does not compel dismissal of [his] claims," as he still would be potentially "entitled to either temporary nuisance damages, as measured by the reduction in the usable value of [his] property, or—at the very least—nominal damages." *Schillaci v. Sarris*, 997 N.Y.S.2d 504, 508–09 (N.Y. App. Div. 2014) (citations omitted).

I would therefore reverse the order of dismissal and remand for further proceedings.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

2