[No. 21785. Department One. March 28. 1929.]

THE STATE OF WASHINGTON, *on the Relation of William Gould et al., Plaintiffs,* v. THE SUPERIOR COURT FOR CLALLAM COUNTY, *Respondent.*[1]

[1] Reported in 276 Pac. 98.

*Ralph S. Pierce,* for relators.

*George F. Hannan* and *John M. Wilson,* for respondent.

TOLMAN, J.—This is an original proceeding in this court, seeking the issuance of a writ of mandate, directed to the respondent judge, to control his action as hereinafter indicated. The petition recites:

"That heretofore, and in the superior court in and for Clallam county, state of Washington, two suits were instituted against the plaintiffs for the recovery of damages for personal injuries alleged to have been suffered in an automobile accident occurring on the 20th day of May, 1928; that one of said suits was entitled Charles Lupton, plaintiff, vs. William Gould and Robert Gould, defendants, and was numbered by the clerk of the superior court of Clallam county, No. 5513; that the other of said suits was entitled Leona Case by G. W. Case her guardian ad litem vs. William Gould and Robert Gould, defendants, and numbered by said clerk of said court, No. 5518.

"That each of said plaintiffs in said complaints claimed to have been injured as a result of a collision between an automobile owned by the defendant Robert Gould and operated for his benefit by the defendant William Gould and an automobile owned and operated by the said plaintiff Charles Lupton, the said Leona Case at the time of said collision being a passenger in the automobile of the said Charles Lupton.

"That said causes, after they had been brought to issue, were, upon motion of the plaintiffs, consolidated

for trial; that said cases, having been so consolidated, were duly and regularly set for trial, and that the jury had been duly and regularly impanelled.

. . . . . . . . . .

"That after the jury had been impanelled, but before witnesses had been sworn on behalf of either party, negotiations were entered into between the respective parties through their respective attorneys for the compromise and settlement of said cases; that as a result of said negotiations, the said George F. Hannan, acting as attorney as aforesaid, wrote the following letter, to wit:

" 'Mr. C. A. Pinkham,
Attorney, for General Ins. Co., Wm. Gould and Robert Gould,
1102 White Building,
Seattle Re: Charles Lupton v. William
" 'Dear Sir: Gould and Robert Gould.
 Re: Leona Case v. William Gould
 and Robert Gould.

" 'This confirms our settlement agreement of today on the above cases. The case of Mr. Lupton being settled for $1,000 and the case of Leona Case being settled for $750. Please have drafts made payable to George F. Hannan, attorney for the respective parties.

" 'I have directed Mr. Wilson at Port Angeles to let the jury go and am enclosing herewith orders of dismissal in each case. When your releases are prepared I will have the same executed.

 Yours very truly,
GFH:V (Signed) GEORGE F. HANNAN.'
"That the order of dismissal referred to in said letter was as follows, to wit:

" 'The above case having been settled, it is now

" 'ORDERED, that the within action be and the same is hereby dismissed with prejudice and without costs to either party.'

" 'Done in open court this...............day of December, 1928.

 ............................................................
 Judge'

"That in accordance with said agreement and the usual practice in such cases, the said George F. Hannan, acting as attorney as aforesaid, caused said order of dismissal in each of said cases to be O. K.'d by attaching thereto the following:

" 'O. K. George F. Hannan,
Attorney for the plaintiff.'

"That, pursuant to said agreement, the defendants, through their attorneys, caused to be issued to the said George F. Hannan, as attorney for the said Charles Lupton, a check in the sum of one thousand dollars ($1,000), which said check was on the 30th day of November, 1928, endorsed by the said George F. Hannan and the cash obtained thereon; that at a later date the said order of dismissal in the said case brought by Charles Lupton was presented to the court for signature and by said judge signed in open court and filed in said cause.

"That on the 19th day of January, 1929, said order of dismissal bearing the O. K. of the said George F. Hannan as attorney of record for the plaintiff Leona Case, was presented to the said John M. Ralston, judge of the superior court of Clallam county for signature, and that the said John M. Ralston, acting as judge as aforesaid, refused to sign said order of dismissal."

It is further alleged that the petitioners, defendants in the original action, now are, and at all times have been, ready and willing to comply with, and carry out the terms of, the stipulation.

An alternative writ was duly issued and served, but the respondent judge has made no return thereto. The attorney who represented the plaintiffs in the original actions, has appeared here to defend against the issuance of the writ, but has filed no written appearance, and the defense offered by him partakes of the nature of an oral demurrer and must be treated as such.

The record discloses no application by, or on behalf

of, Leona Case or G. W. Case, her guardian *ad litem,* as having been filed or presented to the lower court for the purpose of setting aside the stipulation which is pleaded.

So far as the record discloses, the trial court has never been asked to hear evidence and determine whether or not the stipulation should be set aside. All that was, or could have been, before the trial court, according to the record, in opposition to the motion for judgment on the stipulation, was an affidavit of Attorney Hannan attached to his motion for leave to file an amended complaint, filed January 12, 1929, which reads:

"George F. Hannan, being first duly sworn on oath deposes and says: that he is one of the attorneys for the plaintiff; that at the time of service of the original complaint and up to approximately November 30th, 1928, he did not believe the plaintiff to be seriously injured, but on or about November 30th, 1928, he learned that plaintiff was severely injured and that she probably has a broken back, fractured vertebra and has injuries to the hea*r* which he did not know before."

 If the matter of the vacation of the stipulation had then been before the court, this affidavit would hardly have been sufficient to justify such action. The affidavit lacks directness and probative force, in that it tends to establish only the affiant's belief and information, and does not set up any facts upon which such information and belief can rest. There being no application to vacate the stipulation then before the court, and no evidence justifying its vacation, the court was not called upon to enter into that question. The court did refuse to enforce the stipulation at that time, but did not vacate it and, as we understand the

record, an application to vacate the stipulation may still be presented.

■ Stipulations may be set aside upon a timely application supported by sufficient facts.

The general rule seems to be:

"The rule is generally recognized that trial courts may, in the exercise of a sound judicial discretion and in the furtherance of justice, relieve parties from stipulations which they have entered into in the course of judicial proceedings, and that on appeal the determination of the trial court will not ordinarily be interfered with, except where a manifest abuse of discretion is disclosed. Courts have frequently granted such relief in the case of stipulations which the parties have entered into improvidently, mistakenly, or as a result of fraudulent inducements, especially if the enforcement thereof would work injustice." 25 R. C. L. 1099.

See, also, 36 Cyc. 1294-1295.

It is manifest that, unless, upon proper showing, the stipulation be set aside, it is the duty of the trial court to enter judgment of dismissal in accordance with its terms, but if, on proper application, the stipulation be set aside, then the action will stand as though the stipulation had never been entered into.

■ It is argued that what appears from the record amounts to no more, at the most, than accord and satisfaction, and that the case should proceed to trial under appropriate issues, so that a jury might determine whether an accord and satisfaction had been entered into between the parties.

We think, however, that the stipulation is much more than evidence of an accord and satisfaction. It is an agreement for the final disposition of the case, directed to the court, which the court is bound to carry into effect unless it should appear to him to be im-

proper and unconscionable, and the plaintiff in the action is bound by it until it is properly set aside.

Having been entered into by the attorneys of record, the presumption is that it was within their authority to so stipulate, and the burden, of course, is upon the party seeking to be relieved.

In view of the fact that opportunity should be afforded to move against the stipulation, the writ cannot be issued in the form as prayed for, but it is hereby ordered and adjudged that the trial court afford reasonable opportunity for the presentation of a motion to vacate and set aside the stipulation, and that, unless the stipulation be set aside on such hearing, he is directed to enter judgment on the stipulation as prayed for.

MITCHELL, C. J., FULLERTON, HOLCOMB, and BEALS, JJ., concur.