[No. 1067-1. Division One—Panel 1. March 20, 1972.]

HELEN R. BAIRD, *Appellant*, v. ALEXANDER BAIRD, *Respondent.*

*Stern, Gayton, Neubauer & Brucker* and *Robert E. Prince*, for appellant.

*K. David Lindner*, for respondent.

CALLOW, J.—In October 1968, the plaintiff wife filed suit for divorce and shortly thereafter the defendant husband filed an answer and counterclaim. There was a settlement conference in April 1970, which did not culminate in a written agreement; and the matter came on for trial in August 1970, with both parties represented by the counsel that had represented them since the commencement of the action. Counsel informed the court that attempts had been made at settlement without success, and the court inquired

of the plaintiff if she would like additional time to attempt settlement. She agreed.

Following a recess through the morning, counsel for plaintiff stated that an agreement had been reached, and he called the plaintiff to the stand. She testified in part as follows:

Q   Have the two of you, Mrs. Baird, arrived at a division of the property, both separate and community, that is satisfactory to you?

A   I am sorry, I don't—still don't know what it is. I thought it was $80,000 and now I see the figure is $66,000, and I just don't—

Q   Let me ask you the question: Under the terms of the settlement that we have worked out is Mr. Baird to receive the apartment house that is referred to as the Frederick Apartment house?

A   Yes.

Then followed questions and answers concerning the agreements regarding the dwelling house, certain securities and pension rights. Then plaintiff was asked:

Q   You want to receive from Mr. Baird $51,672 in cash, is that correct, with one exception, that from the $51,672 Mr. Baird, in order to have some cash on hand, will give you a 6% 18-month promissory note for $5,000 so that in effect rather than to get $51,672 in cash you will receive initially $46,672 plus the $5,000 note; is that correct?

A   Yes. That's right.

After questioning immaterial to this appeal, the counsel further inquired:

Q   And the $51,672 and the $18,000 totals $69,672, and the one-half interest in the house when it is sold would bring your share up virtually above $80,000?

A   Yes.

Q   Now, Mr. Baird is to, as I say, receive the Frederick Apartment house and that you would then execute to him a deed, quit claim you to him your interest in the apartment house?

A   Yes.

Q   And Mr. Baird would receive the stocks and bonds

that are currently held by the two of you with a market value as of a day or so ago of $30,316?

A  Uh-huh.

Q  So that his share, based on an evaluation of the apartment of $42,000 net would bring his share also to $69,672 plus one-half interest in the house?

A  Yes.

This is the essence of the recitation. It reflects that the plaintiff understood the terms of the agreement. She retired from the stand without comment or objection. Findings of fact, conclusions of law and a decree of divorce were entered on August 28, 1970, with both counsel present and with plaintiff's counsel acknowledging receipt of copies on the documents.

A motion to vacate the decree as it pertained to the division of properties was filed by newly retained counsel September 28, 1970. The plaintiff claimed the stipulation was a surprise and that she did not understand the proceedings.

Plaintiff claims as error the denial of the motion to vacate as it pertained to the property settlement and failure to do substantial justice by allowing the stipulation to stand as it pertains to property rights.

■■■  CR 2A regarding stipulations requires an agreement between parties to be made and consented to in open court before a court reporter. RCW 2.44.010 grants an attorney authority to bind his client by his agreement duly made but states, in part, that the court shall disregard a stipulation unless it is made in open court or signed by the party against whom the same is alleged or his attorney.

A stipulation arrived at in this manner is binding on the parties. *Cook v. Vennigerholz*, 44 Wn.2d 612, 269 P.2d 824 (1954). Only if fraud, mistake, misunderstanding or lack of jurisdiction is shown will a judgment by consent be reviewed on appeal. *Washington Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316 P.2d 126, 69 A.L.R.2d 752 (1957).

The function of the trial court is to ascertain that the parties and counsel understand the stipulation, *Jones v.*

*Jones,* 23 Wn.2d 657, 161 P.2d 890 (1945), and to implement that agreement.

A trial court's decision that a stipulation was entered with the understanding and agreement of the parties will not be disturbed where it is supported by the evidence. In *Deer v. Deer,* 29 Wn.2d 202, 186 P.2d 619 (1947), the court reviewed the record concerning an order denying modification of a property settlement reached by stipulation and refused to interfere with the trial court's decision that the stipulation was understood by the parties. *Halvorsen v. Halvorsen,* 3 Wn. App. 827, 479 P.2d 161 (1970), was concerned with whether a plaintiff wife was mentally capable of making a knowing decision regarding property rights. The trial court was upheld in its finding that plaintiff had adequate representation and was capable of making a knowing decision. Substantial evidence was in the record to support such a finding, and the party was bound by her action.

A trial court has discretion to relieve a party from a stipulation when it is shown that relief is necessary to prevent injustice and the granting of the relief will not place the adverse party at a disadvantage by having acted in reliance upon the stipulation. *State v. Wehinger,* 182 Wash. 360, 47 P.2d 35 (1935); *Stevenson v. Hazard,* 152 Wash. 104, 277 P. 450 (1927).

■ In *Schmidt v. Schmidt,* 40 Wis. 2d 649, 162 N.W.2d 618 (1968), it was apparent from the record that the parties and their attorneys discussed at length with the trial judge the value of the property involved. The finding that the parties stipulated and agreed on the value of the properties and the property settlement was upheld. The court stated in part as follows at page 653:

> Stipulations in divorce actions are in the nature of a contract. [Citation omitted.] And oral stipulations made in open court during trial, taken down by the reporter and acted upon by the parties and the court are valid and binding. [Citations omitted.] The discretion of the trial court to relieve parties from stipulations when improvident or induced by fraud, misunderstanding or mistake,

or rendered inequitable by the development of a new situation, is a legal discretion to be exercised in the promotion of justice and equity, and there must be a plain case of fraud, misunderstanding or mistake to justify relief. [Citation omitted.]

A stipulation disposing of property in a divorce case is subject to court approval, *Munroe v. Munroe*, 27 Wn.2d 556, 178 P.2d 983 (1947), and such approval of a property division will not be disturbed unless there is a clear and manifest abuse of discretion. *Mayo v. Mayo*, 75 Wn.2d 36, 448 P.2d 926 (1968); *State ex rel. Gould v. Superior Court*, 151 Wash. 413, 276 P. 98 (1929); *Lynn v. Lynn*, 4 Wn. App. 171, 480 P.2d 789 (1971); *Rehak v. Rehak*, 1 Wn. App. 963, 465 P.2d 687 (1970).

The record reflects sufficient evidence to support the finding that the stipulation concerning the property was entered with the understanding of the parties. An examination of the record also discloses that the trial court did not abuse its discretion by initially and ultimately approving the disposition of the property.

The judgment is affirmed.

JAMES and WILLIAMS, JJ., concur.

Petition for rehearing denied June 9, 1972.