[No. 14288–7–I.  Division One.  August 26, 1985.]

RONALD N. DE LISLE, ET AL, *Appellants,* v. FMC CORPORATION, *Respondent.*

*Paul E. Simmerly* and *Thomas H. McLachlen,* for appellants.

*Peterson, Bracelin, Young & Putra* and *Elizabeth J. Bracelin,* for respondent.

WILLIAMS, J.—Ronald de Lisle was terminated from his job with FMC Corporation in 1979. He had worked for the

company for 28 years and at the time was 46 years old. His sales territory was then given to a younger man. On February 3, 1981 he filed suit against FMC in the King County Superior Court. In his complaint de Lisle contended that he was illegally terminated on the basis of his age, and sought recovery of lost wages, commissions, pension and other employment benefits, future lost or diminished wages and continuing emotional distress and mental anguish. He also sought an injunction against further violations.

FMC answered, then moved for summary judgment which was granted on the basis that the cause of action was barred by RCW 4.16.130, the 2-year statute of limitations. This determination was incorrect; the 3-year statute of limitations (RCW 4.16.080(2)) applies to employment discrimination actions brought under the state statutes. *Lewis v. Lockheed Shipbuilding & Constr. Co.,* 36 Wn. App. 607, 676 P.2d 545 (1984).

■ But FMC contends that the parties stipulated to the applicability of the 2-year statute of limitations during oral argument on the summary judgment motion and by approving the findings of fact entered by the court. Stipulations are governed by CR 2A and RCW 2.44.010(1). Civil Rule 2A, substantially the same as the statute, states:

> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court before a court reporter, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

Stipulations conforming to these requirements are binding unless fraud, mistake, misunderstanding or lack of jurisdiction is shown. *Baird v. Baird,* 6 Wn. App. 587, 494 P.2d 1387 (1972).

The asserted agreement to the application of the 2-year statute of limitations will not be regarded because there is no report of it in the record on appeal and counsel signed the findings "Approved as to Form" only. There is no evi-

dence of a stipulation, assuming that there is authority to make such an agreement in the first place.

Reversed.

COLEMAN and GROSSE, JJ., concur.