IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| RICHARD JOHNSON and SALLY JOHNSON, | No. 46747-0-II |
| Respondents, | UNPUBLISHED OPINION |
| v. | |
| RICHARD SORRELS, PATRICE CLINTON, RYANSCREST TRUST, PATRICE CLINTON TRUSTEE, and ALL OTHER PERSONS OR ENTITIES CLAIMING OCCUPANCY IN 9316 GLENCOVE ROAD, GIG HARBOR, WA 98329, | |
| Appellants. | |

SUTTON, J. — Richard Sorrels, Patrice Clinton, and the Ryanscrest Trust (collectively Clinton and Sorrels) appeal the superior court's order granting a writ of restitution in an unlawful detainer action brought by Richard and Sally Johnson.[1] The Johnsons purchased the subject property from a buyer who purchased it at a trustee's sale and Clinton and Sorrels did not vacate the property afterwards. Clinton and Sorrels argue that the writ of restitution is invalid. We

---

[1] Clinton and Sorrels also appeal every other order the superior court made in this case. However, because we hold that the superior court did not lack subject matter jurisdiction and the parties' settlement agreement resolved all other issues presented by Clinton and Sorrels's appeal, we do not further address the trial court's other orders.

disagree and hold that any defect in the summons did not deprive the superior court of subject matter jurisdiction, that the parties' settlement agreement settled all other issues on appeal, and that the superior court properly denied Clinton and Sorrels's request to set aside the settlement agreement. Therefore, we affirm. We award the Johnsons' attorney fees and costs because Clinton and Sorrels's appeal is frivolous.

FACTS

The Johnsons purchased the subject property, 9316 Glencove Road in Gig Harbor, Washington, in December 2013, from Deutsche Bank, which bought the property at a trustee's sale. On February 28, 2014, the Johnsons delivered to Clinton and Sorrels a 20 day notice to vacate. On April 11, the Johnsons filed a summons and complaint for unlawful detainer. The summons listed a response date of April 28, 2014. The Johnsons filed an amended summons on April 28, 2014, with a new response date of May 3, 2014, and served Clinton and Sorrels with the amended summons and the complaint for unlawful detainer. The complaint alleged that Clinton and Sorrels refused to remove 14 vehicles from the property in violation of a permanent injunction entered by the Pierce County Superior Court in 2002.[2]

---

[2] Under Pierce County Superior Court cause number 97-2-07841, the trial court permanently enjoined Clinton and Sorrels from "bringing or storing upon any of the subject parcels any man-made object outside legally constructed and permitted buildings." Clerk's Papers (CP) at 513, 516-17. One of the parcels at issue in the previous case is the parcel at issue here. The injunction provided that "[a]ny vehicles which come upon the property must be in street-legal operating condition, bear valid and current licensing and have valid and current proof of insurance from a properly licensed insurance company doing business in the State of Washington." CP at 517.

The superior court held a show cause hearing for a writ of restitution on May 27, 2014. The superior court commissioner granted the Johnsons' motion for a writ of restitution, but stayed the order "for a period of ten (10) days for [Clinton and Sorrels] to seek revision." Clerk's Papers (CP) at 163. Ten days later, on June 6, 2014, Clinton and Sorrels sought revision of the writ of restitution.

At the hearing on their motion for revision, Clinton and Sorrels argued that the commissioner improperly issued the writ because the foreclosure sale was invalid, the case did not fall under the purview of RCW 61.24.060, because the Johnsons were not the purchasers at the trustee's sale, and the Johnsons' summons was improper. The superior court granted Clinton and Sorrels's motion for revision in relation to the summons issue only and ordered that "[the Johnsons] may remedy and use summons required by RCW 59.12." CP at 347-48.

On July 3, 2014, the parties signed a stipulated order. The order stated that "[t]his order is being entered by agreement and shall constitute a settlement as to this litigation only." CP at 370. In the order, the Johnsons agreed to not interfere with Clinton's and Sorrels's personal property removal until the writ was executed, which they agreed would not be earlier than August 4, 2014. The Johnsons agreed to store Clinton's and Sorrels's property "per statute." Verbatim Report of Proceedings (VRP) (July 3, 2014) at 3-4. The superior court signed the stipulated order.

On August 7, 2014, Clinton and Sorrels moved to set aside the July 3, 2014, order, quash the writ, and dismiss the case because the Johnsons removed vehicles from the property, which did not comply with the order. As an exhibit to part of their response, the Johnsons attached junk vehicle affidavits for 13 vehicles on the property. The superior court denied Clinton and Sorrels's

3

motion to set aside the July 3, 2014 order because "[the Johnsons] have not breached the [order] in moving any personal property off." VRP (Aug. 15, 2014) at 13.

On August 22, 2014, the Pierce County Sheriff executed the writ of restitution. Clinton and Sorrels appeal the superior court's orders.

## ANALYSIS

### I. LEGAL PRINCIPLES

A court commissioner's decision is subject to revision by the superior court. RCW 2.24.050. A superior court judge's review is limited to the evidence and issues presented to the commissioner. *In re Marriage of Moody*, 137 Wn.2d 979, 992-93, 976 P.2d 1240 (1999). Where the parties did not provide live testimony in front of the commissioner, the superior court judge's review of the record is de novo. *Moody*, 137 Wn.2d at 993. Under Pierce County Local Rule (PCLR) 7(a)(12)(C), a motion for revision must state with specificity the portion of the commissioner's order that the party seeks to be revised. Any portion that is not so specified is binding. PCLR 7(a)(12)(C).

An unlawful detainer action is a statutory proceeding that provides an expedited method of resolving the right to possession of property. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007). Upon initiating an unlawful detainer action by filing a summons and complaint, a plaintiff in the proceeding is entitled to an order directing the defendant to appear and show cause why the superior court should not issue a writ of restitution to restore possession of the property to the plaintiff. RCW 59.12.090; RCW 59.12.121.

II. The Superior Court Did Not Lack Subject Matter Jurisdiction

Clinton and Sorrels argue that the Johnsons' first summons listed an incorrect return date, depriving the superior court of subject matter jurisdiction over the unlawful detainer action. We disagree.

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 314, 76 P.3d 1183 (2003). A superior court's subject matter jurisdiction in cases involving "the title or possession of real property is expressly granted by the state constitution." *MHM & F LLC v. Pryor*, 168 Wn. App. 451, 460, 277 P.3d 62 (2012) (citing WASH. CONST. art. IV, § 6). "If the type of controversy is within the superior court's subject matter jurisdiction, as it is here, then all other defects or errors go to something other than subject matter jurisdiction." *MHM & F*, 168 Wn. App. at 460 (internal quotation marks omitted) (quoting *Marley v. Dep't of Labor & Indus.*, 125 Wn.2d 533, 539, 886 P.2d 189 (1994)). Thus, because the controversy here involves possession of real property, any defect in the Johnsons' summons did not deprive the superior court of subject matter jurisdiction.

III. Parties' Settlement Agreement Resolved All Other Issues

The Johnsons argue that the parties' July 3, 2014 settlement agreement resolved all other issues in this case.[3] We agree.

---

[3] Clinton and Sorrels argue that we must instruct the superior court to vacate the stipulated order and dismiss the case because the Johnsons allegedly violated the order's terms by removing their personal property. A breach of contract entitles the injured party to damages that "accrue naturally from the breach" so as to be put into as good a pecuniary position as he would have had if the contract had been performed. *224 Westlake, LLC v. Engstrom Props., LLC*, 169 Wn. App. 700, 729, 281 P.3d 693 (2012). A party cannot avoid a contract to which he or she entered voluntarily through rescission absent fraud, deceit, or coercion. *Retail Clerks Health & Welfare Tr. Funds v.*

A stipulated settlement agreement is a contract between parties and we consider it under the common law of contracts. *Condon v. Condon*, 177 Wn.2d 150, 162, 298 P.3d 86 (2013). An attorney has the authority to bind his or her client to a settlement agreement when it is assented to in open court. RCW 2.44.010. When both parties assent to an agreement in open court or present evidence of a writing that is signed by both parties, the trial court will enforce it. CR 2A. "The purpose of CR 2A is to give certainty and finality to settlements." *Condon*, 177 Wn.2d at 157.

Under the objective manifestation theory of contracts, we determine the parties' intent based on the objective manifestations of the agreement. *Condon*, 177 Wn.2d at 162. We will review a stipulation only for fraud, mistake, misunderstanding, or lack of jurisdiction. *de Lisle v. FMC Corp.*, 41 Wn. App. 596, 597, 705 P.2d 283 (1985). Where a trial court has determined that the parties entered into the stipulation with understanding and agreement, we will not disturb the trial court's judgment where evidence supports it. *Baird v. Baird*, 6 Wn. App. 587, 590, 494 P.2d 1387 (1972).

The parties' settlement agreement in the July 3, 2014 order provided that the parties' agreement attached to the order constituted "a settlement as to this litigation." CP at 370. Clinton and Sorrels do not present any evidence that their attorney signed the stipulated order in violation of CR 2A or any evidence of fraud, mistake, or misunderstanding that would justify its rescission. Furthermore, no evidence suggests that the superior court erroneously denied Clinton and Sorrels's motion to set aside the stipulation due to their lack of understanding the agreement. As we conclude above, the superior court did not lack subject matter jurisdiction over this unlawful

_____

*Shopland Supermarket, Inc.*, 96 Wn.2d 939, 944, 640 P.2d 1051 (1982). Therefore, even if the Johnsons violated the stipulated order, we will not rescind the agreement for that reason.

detainer due to an improper summons. Therefore, under the settlement agreement's plain language, the parties settled all issues related to this case and the trial court properly denied Clinton and Sorrels's motion to set it aside.

ATTORNEY FEES

The Johnsons request attorney fees and costs under RAP 18.9 and RCW 4.84.185, arguing that Clinton and Sorrels's appeal is frivolous and without merit. We agree.

RAP 18.9 allows the appellate court to order a party who files a frivolous appeal to pay "terms or compensatory damages" to any other party. Under RCW 4.84.185, a court may, in any civil action, require a party to pay the other parties' attorney fees and reasonable expenses incurred in defending a frivolous claim. An appeal is frivolous when, considering the entire record, the appellate court is convinced that the appeal does not present any debatable issues upon which reasonable minds might differ and that it is so without merit that there is no possibility of reversal. *Ames v. Ames*, 184 Wn. App. 826, 857, 340 P.3d 232 (2014), *review denied*, 352 P.3d 187 (2015). We resolve all doubts of frivolity in the appellant's favor. *Ames*, 184 Wn. App. at 857.

Clinton and Sorrels do not present any reasonably debatable issues. Therefore, we award the Johnsons their attorney fees and costs on appeal.

CONCLUSION

We hold that any defect in the summons did not deprive the superior court of subject matter jurisdiction, that the parties' July 3, 2014 settlement agreement resolved all other issues between the parties in this appeal, and that the superior court did not abuse its discretion in denying Clinton and Sorrels's request to rescind that July 3 settlement agreement. Therefore, we affirm. We award

the Johnsons their attorney fees and costs on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.