IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 37722-9-III |
| HELLEN OLBRICHT, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| LLOYD OLBRICHT, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — After mediation, Lloyd Olbricht and Hellen Olbricht and their respective attorneys signed a CR 2A settlement stipulation to resolve all their dissolution issues. Before entering final orders, Mr. Olbricht moved to set aside the settlement asserting that the settlement was vague and unenforceable. Finding that the settlement provided for the division of assets by percentage, a commissioner denied a motion to continue the trial and granted Ms. Olbricht's motion to enforce the CR 2A settlement.

Mr. Olbricht appeals, arguing that the CR 2A settlement was vague and failed to identify investment accounts or provide clear instructions for distribution. Finding no abuse of discretion, we affirm the lower court's enforcement of the settlement and award fees and costs to Ms. Olbricht on appeal.

No. 37722-9-III
*In re Marriage of Olbricht*

FACTS

After 61 years of marriage, Hellen Olbricht petitioned for legal separation. The petition was subsequently amended for divorce. The first amended petition for divorce involved exclusively financial issues. The second amended petition added a restraint request. The court initially scheduled the case for a one-day bench trial. On February 20, 2020, the parties participated in mediation and entered into a settlement agreement resolving the valuation, characterization and distribution of assets and liability of the marriage. The settlement agreement was signed by the parties and their attorneys and filed with the court as a CR 2A stipulation on February 25, 2020. In the stipulation, the parties acknowledge each was represented by counsel and "had sufficient opportunity to consult with legal counsel." Clerk's Papers (CP) at 16. "The parties affirm that, having had sufficient time to consider and obtain legal advice, this is a just and equitable distribution of assets and liabilities. This agreement shall be enforceable by under CR2A." CP at 20. Each party agreed to the stipulation and subsequent entry of "Findings of Fact & Conclusions of Law and Decree of Dissolution" as drafted by Ms. Olbricht's attorney reflecting the stipulation agreement terms. CP at 16. The parties agreed to "cooperate in executing necessary documents to effectuate the divorce in accordance with this stipulation." *Id*. Each party was awarded the property currently in their possession except as itemized. Each party was awarded stock and retirement funds in their own name, including the "Lucent pension" in Mr. Olbricht's name and the

2

"Hellen Annuity" to Ms. Olbricht. Exhibit A attached to the CR 2A stipulation specifically agreed to split the Ameritrade account by distributing $469,350.00 to Ms. Olbricht and $380,650.00 to Mr. Olbricht. The additional "Ameriprise" accounts are not listed on the stipulation.

On April 2, 2020, Ms. Olbricht's attorney provided proposed final dissolution decree documents to Mr. Olbricht's counsel that clarified the list of specific accounts, particularly the Ameriprise subaccounts and portfolio, since the stipulation "was not clear." By e-mail, Mr. Olbricht's attorney indicated that the findings and conclusions "look good" and suggested additional account information be added to the proposed decree. A second mediation was scheduled for June 25, 2020, but was canceled by Mr. Olbricht.

Mr. Olbricht filed a motion to set aside the agreement, which was heard on July 5, 2020. Mr. Olbricht admitted to withholding more than 500 pages of discovery from Ms. Olbricht prior to mediation and then complained of valuation inaccuracy after entry of the agreement. He admitted that the Ameriprise account was mislabeled as Ameritrade and alleged it is inaccurate because it was not itemized by subaccount. He also alleged that the stipulation failed to itemize stocks in his name, particularly a Nokia retirement account and certain Glacier Bank accounts. He admitted that he understood that the CR 2A stipulation would finalize the dissolution. The court commissioner heard Mr.

3

Olbricht's motion to set aside the CR 2A stipulation on July 14, 2020, and denied it without findings.

On July 30 the superior court heard Mr. Olbricht's motion to revise the commissioner's ruling and Ms. Olbricht's motion to enforce the CR 2A settlement. By declaration, Ms. Olbricht's attorney clarified that the Lucent Pension listed in the CR 2A agreement is the Nokia retirement account. The Ameritrade total listed in the CR 2A agreement is an aggregate of the Ameriprise stock accounts. He further declared that at the mediation, the parties agreed that the Ameriprise annuities were listed in the CR 2A agreement under income to Ms. Olbricht as "Hellen Annuity $22,718/yr." Ms. Olbricht declared that "I agreed to accept a settlement for less than half of our community property because I wanted this done and over with." CP at 28.

After considering the record and relevant authorities, the superior court denied Mr. Olbricht's motion to revise and granted Ms. Olbricht's motion to enforce the settlement. The court noted that the mediator was experienced, and both parties were represented by attorneys. The court had "no doubt but that this was argued, it was negotiated . . . it's really not for us to . . . second guess it now several months later." Report of Proceedings (RP) at 52. After considering the facts in a light most favorable to Mr. Olbricht, the court found that the parties intended to divide the Ameriprise accounts proportionally, awarding 44 percent to Mr. Olbricht and 56 percent to Ms. Olbricht. The trial court

ordered Ms. Olbricht to prepare orders to effectuate the enforceable CR 2A agreement, circulate them to Mr. Olbricht and present them on July 31, 2020.

After the court's oral decision, Mr. Olbricht's attorney asked whether the court would consider delaying entry of the final orders while his client sought discretionary review with this court. The trial court denied this request, noting its preference that final papers be presented "[t]hat way he can appeal the final decision. There's no need, really, for an interlocutory appeal." RP at 57.

The parties presented agreed orders on July 31 without objection. RP at 60-69. To update the original stipulation exhibit A dollar amounts, the parties filed a second stipulation as to Ameriprise Accounts indicating that "the attached Ameriprise Financial statement dated 6/10/2020 is a true and correct statement of all accounts held by Lloyd and/or Hellen Olbricht with Ameriprise Financial as referenced in the CR 2A agreement entered February 20th, 2020." CP at 159. Stipulation exhibit B was attached to the final orders to reflect these updated amounts. The final dissolution decree entered July 31 specifically itemized and allocated the Ameriprise accounts in accordance with Exhibit B and the newly stipulated Ameriprise financial statement. According to the final order, Mr. Olbricht received $327,416.27 for a distribution of 44 percent of the Ameriprise accounts and Ms. Olbricht received $416,711.61 for a 56 percent distribution of the Ameriprise accounts. The trial court also entered Findings and Conclusions,

incorporating the divorce decree and its exhibits and approving a restraint order. No other issues remained before the court. The trial court struck the trial date.

Mr. Olbricht appeals, contending that the CR 2A agreement is unenforceable because it is inaccurate, inconsistent, and vague. He also contends that the trial court abused its discretion and violated his due process rights by failing to authorize an interlocutory appeal and canceling the trial.

## ANALYSIS

A.  ENFORCEMENT OF CR 2A SETTLEMENT

The law favors the parties' private settlement of disputes and prefers to view them with finality. *Stottlemyre v. Reed*, 35 Wn. App. 169, 173, 665 P.2d 1383 (1983). Stipulations in divorce actions are similar to that of a contract. *Baird v. Baird*, 6 Wn. App. 587, 590, 494 P.2d 1387 (1972). The stipulation must be entered with the understanding and agreement of the parties. *Id*. CR 2A requires agreements between parties to be made and consented to either in open court, before a court reporter, or in writing signed by the attorneys of record. RCW 2.44.010 grants an attorney authority to bind his client to a stipulation where the agreement is signed by the party against whom the same is alleged or his attorney. A stipulation arrived at in this manner is binding on the parties. *Cook v. Vennigerholz*, 44 Wn.2d 612, 269 P.2d 824 (1954).

"A stipulation disposing of property in a divorce case is subject to court approval." *Baird*, 6 Wn. App. at 591. The trial court's function is to "ascertain that the parties and

6

counsel understand the stipulation and to implement that agreement." *Id*. at 589-90

(citing *Jones v. Jones*, 23 Wn.2d 657, 161 P.2d 890 (1945)). Factors considered in

determining whether the agreement was fair and knowingly made include the parties'

bargaining positions and relative sophistication; the amount of consideration; the

likelihood of insufficient knowledge concerning future developments; and the haste with

which the release was obtained.

A trial court has the discretion to relieve a party from a stipulation when it is

shown that relief is necessary to prevent injustice, and the granting of the relief will not

place the adverse party at a disadvantage by having acted in reliance upon the stipulation.

*Baird*, 6 Wn. App. at 590. Trial courts possess the discretion to relieve parties from

stipulations when improvident or induced via a plain case of fraud, misunderstanding,

mistake, or inequity caused by the development of a new situation, or in order to promote

justice and equity. *Id*. at 590-91.

"A trial court's decision that a stipulation was entered with the understanding and

agreement of the parties will not be disturbed [on appeal] where it is supported by the

evidence." *Id*. at 590. Trial court approval of a property division will not be disturbed

unless there is a clear and manifest abuse of discretion. *Id*. at 591. Only if fraud,

mistake, misunderstanding, or lack of jurisdiction is shown will a judgment by consent be

reviewed on appeal. CR 60; *Wash. Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 316

P.2d 126 (1957). *See also In re Marriage of Curtis*, 106 Wn. App. 191, 194-95, 23 P.3d

13 (2001) (upholds denial of motion to vacate dissolution decree that incorporated property settlement agreement even though the division of assets was disparate). The duty to value an asset is on the parties when they know of the asset's existence. *In re Marriage of Maddix*, 41 Wn. App. 248, 253, 703 P.2d 1062 (1985). A party who voluntarily chooses not to value an asset before settlement "should not be allowed to return to court to do what should have been done prior to entry of the final decree." *Id*. Inadequate counsel is also not a basis to vacate an otherwise valid decree. *In re Marriage of Burkey*, 36 Wn. App. 487, 490, 675 P.2d 619 (1984) (vacation of decree reversed where decree incorporated settlement agreement and wife failed to prove requirements of CR 60).

In *Baird*, the parties settled mid-trial and the wife took the stand testifying that she understood the details of the settlement agreement. *Baird*, 6 Wn. App. at 589. The *Baird* court thereafter entered final divorce orders. The wife subsequently moved to vacate on the basis that the settlement surprised her. The reviewing court affirmed the trial court's denial of her motion, finding that both parties understood the settlement and the court properly entered final disposition approving the agreed disposition. *Id*. at 591.

In this case, Mr. Olbricht argues that the CR 2A settlement is vague because details such as account numbers and distribution instructions were not included. He cites no authority to support his position that these details were consequential to the enforceability of the settlement. We need not consider arguments that are unsupported by

meaningful analysis or authority. *Cowiche Canyon Conserv. v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). In addition, while Mr. Olbricht appealed the order denying his motion to set aside the CR 2A agreement, he did not appeal the order granting Ms. Olbricht's motion to enforce the agreement or the trial court's final divorce decree. RAP 5.1, 10.3(a)(4). The parties were represented by counsel during settlement negotiations. The agreement identified and divided all material assets. Remorse after the fact and differing attorney opinions do not support setting the agreement aside. Mr. Olbricht presents no basis on appeal to support his argument that the trial court abused its discretion.

B. MOTION FOR INTERLOCUTORY APPEAL

Under RAP 2.3(a), any party may seek discretionary review of a superior court decision that is not appealable as a matter of right. Mr. Olbricht argues that the trial court denied his ability to file for discretionary review when the court indicated it would not stay entry of the final orders if Mr. Olbricht were to file such a motion with the court of appeals.

RAP 2.3(a) allows for discretionary review for "any act of the superior court not appealable as a matter of right." The rule sets forth several factors that support discretionary review and provides that denial of discretionary review does not affect a parties' right to appeal the issue upon final resolution. RAP 2.3(b), (c).

9

Mr. Olbricht's appeal on this issue is without merit. By definition, discretionary review is not a right. The trial court could not violate a right that Mr. Olbricht did not possess. Moreover, Mr. Olbricht did not need the superior court's permission to file a motion for discretionary review with the court of appeals. Finally, Mr. Olbricht fails to identify any prejudice from the trial court's refusal to stay the proceedings. Mr. Olbricht filed a notice of appeal following entry of the trial court's final orders.

C.   TRIAL COURT'S ORDER CANCELLING TRIAL

Mr. Olbricht assigns error to the trial court's decision to cancel the trial after entering an order enforcing the settlement agreement, and signing final divorce papers. He contends that he had a due process right to a trial. He does not assign error to the final divorce decree.

Due process of law requires adequate notice and an opportunity to be heard. *Olympic Forest Prod., Inc. v. Chaussee Corp.*, 82 Wn.2d 418, 511 P.2d 1002 (1973). However, "[t]he right to a jury trial may be waived." *Godfrey v. Hartford Cas. Ins. Co.*, 142 Wn.2d 885, 898, 16 P.3d 617 (2001) (quoting *State v. Valdobines*, 122 Wn.2d 270, 288, 858 P.2d 199 (1993). Entering into a valid and enforceable settlement agreement constitutes a waiver of the right to a trial. *Id*.

Here, Mr. Olbricht knowingly entered a settlement agreement resolving all issues before the court and thus waiving trial. He was afforded hearings on his motion to set aside the settlement stipulation, the motion to enforce the settlement stipulation, and the

presentment of final orders in the case. He agreed to the final orders at presentment and failed to preserve any objection to them or assert them on appeal. RAP 2.5, 5.1.

D.  ATTORNEY FEES

We grant Ms. Olbricht's request for attorney fees and costs of appeal pursuant to RAP 18.9(a). Under RAP 18.9, an appellate court may order a party who uses the rules for the purpose of delay, files a frivolous appeal, or fails to comply with the rules to pay terms to any party who has been harmed by the delay or the failure to comply. "In determining whether an appeal is frivolous and was, therefore, brought for the purpose of delay, justifying the imposition of terms and compensatory damages, [a reviewing court is] guided by the following considerations: (1) A civil appellant has a right to appeal under RAP 2.2; (2) all doubts as to whether the appeal is frivolous should be resolved in favor of the appellant; (3) the record should be considered as a whole; (4) an appeal that is affirmed simply because the arguments are rejected is not frivolous; (5) an appeal is frivolous if there are no debatable issues upon which reasonable minds might differ, and it is so totally devoid of merit that there was no reasonable possibility of reversal." *Streater v. White*, 26 Wn. App. 430, 434-35, 613 P.2d 187 (1980).

Mr. Olbricht's appeal failed to cite facts from the record that support his arguments and failed to cite relevant legal authority for his issues on appeal. If no authority is cited, the Court of Appeals may presume that counsel, after diligent search, has found none. RAP 10.3; *Roberts v. Atlantic Richfield Co.*, 88 Wn.2d 887, 895, 568

No. 37722-9-III
*In re Marriage of Olbricht*

P.2d 764 (1977), *abrogated on other grounds by Mikkelsen v. PUD No. 1*, 189 Wn.2d 516, 404 P.3d 464 (2017). Entry of the final settlement agreement waived trial. Direct appeal rendered discretionary review moot. Thus, even after resolving all doubts in his favor, this appeal is devoid of merit.

Upon finding that an appeal is frivolous, the court may award attorney fees and costs incurred on appeal. *Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). Upon compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.

12