**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| ZHI H. FENG,<br><br>          Appellant,<br><br>        v.<br><br>XIAOQIANG WU and JIE WANG, a married couple and their marital community; VITALY VERESKO, an individual; LIU JIE, an individual; CHRISTINA YUAN, an individual; TIM E. COWIN, an individual,<br><br>          Respondents. | No. 87036-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Zhi Feng appeals the enforcement of a CR 2A settlement agreement requiring him to release respondents Vitaly Veresko and Tim Cowin. Feng argues the trial court erred because there is a genuine dispute regarding the material terms of the release provision. We affirm.

I

In August 2017, Landmark Investments LLC (Landmark) and Xiaoqiang Wu, and Jie Wang (buyers) entered into a residential purchase and sale agreement for the purchase of property located in King County (property). The buyers were represented by a real estate broker formerly licensed under Horizon Explorer Real Estate, LLC (HERE). Feng was the designated broker for HERE. Landmark was represented by

TEC Real Estate (TEC) and its broker Veresko, who was also an owner of Landmark. Landmark dissolved in May 2020. Cowin was the designated broker for TEC. Had the real estate transaction closed, HERE would have received the buyer broker commission offered by Landmark.

After the buyers and Landmark mutually rescinded the purchase and sale agreement, Feng sued Veresko, Cowin, and several other parties for civil conspiracy, breach of contract, breach of good faith and fair dealing, promissory estoppel, conversion, and unjust enrichment. Feng sought the commission he would have received had the sale closed plus costs, interest, and attorney fees. Feng appeared pro se.

Eventually Feng, Veresko, and Cowin executed a Release and Settlement Agreement (settlement agreement). While negotiating its terms, Feng sent an e-mail to counsel for Veresko and Cowin regarding the release: "I release all claims against both of your clients in their capacity as on the brokerage business only, but not on the claims against them associating with the seller." And in response the following e-mail exchange occurred:

> [counsel for Cowin and Verekso to Feng]
>
> Feng, this settlement only works if my clients are dismissed from all claims. Your second item seems to indicate a partial settlement. That will not fly. I have been very clear from the beginning that the offer was for a full release. If that is not the case, then we do not have a deal and we will take action to have the claims dismissed and seek recovery of attorney's fees.

[Feng to counsel for Cowin and Veresko]

Thanks for your understanding. See if you agree this scope:
Feng agrees to release and discharge TEC and its representatives from any and all claims, liabilities, demands, actions, or causes of action arising out of or related to this litigation.  The settlement shall not impact, limit, or prejudice Plaintiff's position, rights, or claims against any other parties involved in the litigation, including their representatives, officers, agents, or employees.

The settlement agreement set forth the parties as: "Horizon Explorer Real Estate, LLC., and Zhi "Frank" Feng as its designated broker and operator ("Feng"), and TEC Real Estate, Inc., Timothy Cowin as its designated broker, and Vitaly Veresko as its real estate broker (collectively TEC)."  Veresky, and Cowin agreed to send Feng a check payable to the Humane Society in the amount of $500.  And Feng agreed to release TEC, Cowin, and Veresko from liability while reserving rights to pursue claims against others involved in the suit:

C. Release.  Feng shall forever relieve, release, and discharge TEC and their respective successors, agents, brokers, affiliates and each of them from any and all claims, debts, liabilities, demands, obligations, promises, acts, agreements, costs and expenses including but not limited to attorney's fees, damages, actions and causes of actions, of whatever kind or nature, whether known or unknown, suspected or unsuspected, based on, arising out of or in connection with the Property and the Suit.  The Parties shall dismiss the all claims against TEC made in the Suit with prejudice and without fees or costs to either party.  The release shall not impact, limit, or prejudice Feng's position, rights, or claims against other parties involved in the Suit, including, without limitation, their representatives, officers, agents, or employees.

The settlement agreement also provided for prevailing party attorney fees in the event any party initiated legal proceedings regarding enforcement of the agreement.  Cowin signed the agreement twice, as President of TEC and as an individual.  Veresko signed as "TEC real estate broker."

-3-

When TEC presented Feng with a stipulation for dismissal he refused to sign. Feng disagreed with the wording of the stipulation, particularly that there was no reference to TEC or Veresko and Cowin's titles as broker, and reiterated his wish to retain the right to pursue claims against them in association with Landmark. TEC moved to enforce the settlement agreement.

The trial court granted TEC's motion to enforce the settlement agreement and dismissed Feng's claims against Cowin and Veresko with prejudice. The trial court awarded Cowin and Veresko attorney fees incurred in enforcing the settlement agreement. Feng unsuccessfully moved for reconsideration.

Feng appeals.

II

Feng argues there is a genuine dispute regarding the material terms of the release provision because he did not intend to release claims against Veresko as the owner of Landmark. Feng asserts there was no mutual assent to release Cowin and Veresko completely and that the trial court's order erroneously broadened the release language of the settlement agreement. We disagree.

Where the evidence before the trial court consists entirely of affidavits and the proceeding is similar to a summary judgment proceeding, as is the case here, we review an order to enforce a settlement agreement de novo. Brinkerhoff v. Campbell, 99 Wn. App. 692, 696, 994 P.2d 911 (2000). "[T]he party moving to enforce a settlement agreement carries the burden of proving that there is no genuine dispute over the existence and material terms of the agreement." Brinkerhoff, 99 Wn. App. at 696-97. The evidence is viewed in the light most favorable to the nonmoving party,

-4-

here Feng. Brinkerhoff, 99 Wn. App. at 697. "If the nonmoving party raises a genuine issue of material fact, a trial court abuses its discretion if it enforces the agreement." Brinkerhoff, 99 Wn. App. at 697.

> Enforcement of the settlement agreement is governed by CR 2A which provides:
>
> No agreement or consent between parties or attorneys in respect to the proceedings in a cause, the purport of which is disputed, will be regarded by the court unless the same shall have been made and assented to in open court on the record, or entered in the minutes, or unless the evidence thereof shall be in writing and subscribed by the attorneys denying the same.

In other words, a written agreement is enforceable under CR 2A. "The purpose of CR 2A is to give certainty and finality to settlements." Condon v. Condon, 177 Wn.2d 150, 157, 298 P.3d 86 (2013). A party may seek relief from a binding agreement in cases of fraud, mistake, misunderstanding, or lack of jurisdiction. de Lisle v. FMC Corp., 41 Wn. App. 596, 597, 705 P.2d 283 (1985) (citing Baird v. Baird, 6 Wn. App. 587, 590-91 494 P.2d 1387 (1972)). And a trial court has discretion to relieve a party from a CR 2A agreement only when "it is shown that relief is necessary to prevent injustice and the granting of the relief will not place the adverse party at a disadvantage by having acted in reliance upon the stipulation." Baird, 6 Wn. App. at 590 (citing State v. Wehinger, 182 Wash. 360, 47 P.2d 35 (1935)).

Here, Cowin and Veresko carried their burden of showing there was no genuine dispute over the existence and terms of the settlement agreement. The record shows a written settlement agreement signed by the parties. The settlement agreement included a release proposed and negotiated by Feng as shown by the e-mails between Feng and counsel. Accordingly, the burden shifted to Feng to raise a genuine dispute. He fails to

do so. Feng does not argue any of the above grounds for relief. Instead, Feng's argument focuses on the language used in the stipulation for dismissal which he relies on to assert the settlement agreement lacked mutual assent.

Mutual assent of the parties must be understood from their outward manifestations, not their subjective unexpressed intent. Saluteen-Maschersky v. Countrywide Funding Corp., 105 Wn. App. 846, 854, 22 P.3d 804 (2001). Feng himself suggested the releasing language in which he agreed to dismiss TEC and its brokers from all claims arising from the failed property transaction. He was clear he wished to retain the right to pursue claims against other parties including the seller, Landmark. Nothing in the release prevents Feng from pursuing claims against Landmark.[1] The stipulation for dismissal merely achieves the agreed upon terms of the settlement agreement—to relieve, release, and discharge TEC and brokers Veresko and Cowin.

Thus, the trial court did not err by granting the motion to enforce the settlement agreement.[2]

---

[1] To the extent Feng argues he did not intend to fully release Cowin and Veresko because of their association with Landmark, we look to the words written in the settlement agreement to ascertain his intent. Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503, 115 P.3d 262 (2005). The words clearly release TEC and brokers Cowin and Veresko while reserving Feng's right to pursue claims against others. We note that Feng does not argue and there is no evidence in the record that Cowin was involved with Landmark as an owner or employee.

[2] Feng also asserts the trial court abused its discretion by failing to hold an evidentiary hearing. But Feng fails to provide argument or authority in support and merely concludes that a dispute over who refused to sign the stipulation is material to the settlement agreement. "We will not consider an inadequately briefed argument." Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011). We recognize that Feng appeals pro se but he is "bound by the same rules of procedure and substantive law as attorneys." Westberg v. All-Purpose Structures Inc., 86 Wn. App. 405, 411, 936 P.2d 1175 (1997).

III

Veresko and Cowin request attorney fees on appeal under RAP 18.1(a), which authorizes an award where "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." A prevailing party is entitled to appellate attorney fees when "'there is a contract, statute, or recognized ground in equity,'" that provides for such award. Umpqua Bank v. Shasta Apts., LLC, 194 Wn. App. 685, 699, 378 P.3d 585 (2016) (quoting Thompson v. Lennox, 151 Wn. App. 479, 491, 212 P.3d 597 (2009)).

Here, the settlement agreement specifically provides for prevailing party attorney fees in an action to enforce the agreement. Because Veresko and Cowin are the prevailing parties, they are entitled to attorney fees and costs on appeal. Accordingly, subject to compliance with RAP 18.1, we award attorney fees and costs to Veresko and Cowin.

We affirm.

Mann, J.

WE CONCUR:

Birk, J.                                         Chung, J.