IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40208-8-III |
| | ) | |
| STEPHANIE HERMETZ, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| DONALD HERMETZ, | ) | |
| | ) | |
| Respondent. | ) | |

LAWRENCE-BERREY, C.J. — Stephanie Hermetz appeals after the trial court

entered an agreed final divorce order. The order solemnized the parties' CR 2A

stipulated property division. We disagree with Ms. Hermetz's arguments for setting aside

the final order and deny her request for an award of reasonable attorney fees on appeal.

FACTS

After a 27-year marriage, the parties separated and filed for dissolution. Because

the parties' two adult children lived independently, the contested issues were temporary

spousal support and how to fairly and equitably divide their property.

After one year of litigation, the parties agreed to mediation. Mr. Hermetz's lawyer

sent a mediation letter with attachments to the mediator and a copy of the letter and

attachments to Ms. Hermetz's lawyer. In the attachments, numerous property items were

listed with values, including Mr. Hermetz's Federal Employees Retirement System

(FERS) pension and a Thrift Savings Plan (TSP) account. The listed value of Mr.

Hermetz's FERS pension was $529,735.82, of which $441,428.86 was community

property, and the listed value of his TSP account was $243,646.98.

The mediation was a success, with the parties agreeing on a division of assets and

liabilities. The mediator recorded his verbal description of the agreement, and the

recording, which later was transcribed, reflects that both parties agreed with his

description of their agreement. Soon after, the parties and their lawyers signed a CR 2A

stipulation confirming the settlement. The stipulation expressly incorporated the

transcribed agreement. In the stipulation, the parties acknowledged that they were

present throughout mediation with their attorneys, that they fully understood the

agreement, and that they entered into it knowingly and voluntarily.

The attorneys prepared agreed findings and conclusions and the agreed final

divorce order. Before presentation of the agreed documents, Ms. Hermetz filed a

declaration expressing her dissatisfaction with the CR 2A agreement. In her declaration,

Ms. Hermetz complained, without factual support, that Mr. Hermetz misrepresented the

value of his TSP account and failed to disclose the value of his FERS pension. Despite

these complaints, at the presentation hearing, Ms. Hermetz voiced only three concerns.

During a break, both attorneys substantially resolved Ms. Hermetz's concerns and then

placed the resolution on the record. The attorneys presented the agreed papers to the court without objection, and the court thanked everyone for "getting together and getting this done." Report of Proceedings (RP) at 81.

Ms. Hermetz timely appealed the agreed final divorce order.

ANALYSIS

Ms. Hermetz argues that we should vacate the agreed final divorce order because the parties' CR 2A stipulation is not enforceable. We first discuss the legal standard for setting aside a judgment by consent or stipulation and then we address Ms. Hermetz's arguments.

*Legal standard for setting aside CR 2A stipulated judgments*

Generally, a CR 2A stipulation between the parties is binding. *Baird v. Baird*, 6 Wn. App. 587, 589, 494 P.2d 1387 (1972). "A judgment by consent or stipulation of the parties is construed as a contract between them embodying the terms of the judgment. It excuses all prior errors and operates to end all controversy between the parties, within the scope of the judgment." *Wash. Asphalt Co. v. Harold Kaeser Co.*, 51 Wn.2d 89, 91, 316 P.2d 126 (1957). A judgment by stipulation may be set aside only by a showing of fraud, mistake, misunderstanding, or lack of jurisdiction. *Baird*, 6 Wn. App. at 589. We will not disturb a trial court's approval of a stipulation disposing of property in a divorce case unless there is a clear and manifest abuse of discretion. *Id*. at 591.

*Ms. Hermetz's arguments*

Ms. Hermetz first argues "she clearly made a mistake" and "misunderstood the values of the TPS [account] and FERS [pension]." Appellant's Br. at 9. We disagree. The record does not support her assertion of mistake. Mr. Hermetz disclosed the values of the TPS account and the FERS pension to Ms. Hermetz before the mediation. There is no evidence that the values of those items were anything other than the values disclosed.

Next, citing authorities discussing the enforceability of *separation agreements*, Ms. Hermetz argues the property distribution is not enforceable because Mr. Hermetz failed to fully disclose the amount, character, and value of the property, "*e.g.*, his FERS pension." Appellant's Br. at 10. We disagree. First, the full disclosure standard recited by Ms. Hermetz is not the standard applicable to setting aside CR 2A stipulations. Second, the record establishes that Mr. Hermetz disclosed to Ms. Hermetz the value of numerous items of property, including the value of his FERS pension.[1] Third, the trial court found that the division of property was fair and equitable. Our review of the record confirms that the $40,000 agreed equalization payment from Mr. Hermetz to Ms.

---

[1] Ms. Hermetz does not dispute that Mr. Hermetz, through his mediation attachments, disclosed the value of his FERS pension to her lawyer. Nevertheless, she asserts that the value of his FERS pension "was unknown to her." Reply Brief of Appellant at 1. If Ms. Hermetz did not know what was disclosed to her attorney, this neither is Mr. Hermetz's fault nor is it a basis to set aside the agreed final divorce order.

Hermetz resulted in an approximate equal division of the property. We conclude the trial court did not clearly or manifestly abuse its discretion by entering the agreed final divorce order.

*Attorney fees*

Citing RCW 26.09.140, Ms. Hermetz requests an award of reasonable attorney fees on appeal. RCW 26.09.140 authorizes this court to order one party to pay the other party's costs and reasonable attorney fees in a dissolution appeal. We exercise our discretion and deny Ms. Hermetz's request.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:


_____            _____
Fearing, J.                                                    Murphy, J.

5